SCHEIDERER VS. THE TRAVELERS' INSURANCE COMPANY.

*April 12 — May 31, 1883.*

ACCIDENT INSURANCE. *(1) "Voluntary exposure:"* complaint construed. *(2) Conditions as to notice construed: performance, how pleaded.*

1. In an action upon a policy of insurance against accidents, a complaint alleging that the plaintiff while traveling by railway fell asleep from weariness and the motion of the cars, and when it was

quite dark, "and while he was in a dozed and unconscious condition of mind, and not knowing or realizing what he was doing, involuntarily arose from his seat and walked unconsciously to the platform of the car, and, without fault on his part, fell therefrom to the ground," and was injured, is held sufficiently to show that the injuries were not "self-inflicted," and were not the result of "design" or "voluntary exposure to unnecessary danger," within the meaning of conditions exempting the insurer from liability.

2. A condition in a policy provided that "in the event of accidental injuries for which claim may be made, immediate notice shall be given in writing to the company at Hartford, stating full name, etc., of the insured, with full particulars of the accident and injury, of which direct and affirmative proof shall be furnished within seven months from the happening of the accident. Failure to give such immediate written notice, or to furnish such direct and affirmative proof, within the time aforesaid, shall invalidate all claims under this contract." Held:

(1) The condition does not require the proof of the injury to be sent to Hartford.

(2) A general allegation of due performance of all conditions on the part of the plaintiff (under sec. 2674, R. S.) sufficiently shows a performance of the condition as to notice. Carberry v. German Ins. Co., 51 Wis., 605, distinguished.

APPEAL from the County Court of Milwaukee County.

The substance of the complaint is stated in the opinion. The defendant demurred thereto on the ground that several causes of action were improperly united, and also to each cause of action on the ground of insufficiency. From an order sustaining the demurrer the plaintiff appealed.

For the appellant the cause was submitted on the brief of Chas. M. Bice.

For the respondent there was a brief by Markham & Noyes, and oral argument by Mr. Noyes.

ORTON, J.    This action is brought on two policies of accident insurance, for the recovery of indemnity for loss of time on account of disability occasioned by personal injury. The conditions upon which both policies are avoided, neces-

sary to be considered, are bodily infirmities or disease, self-inflicted injuries, intoxication, design of the insured or others and not accident, and standing or riding on platforms of cars. The condition in the policy first set out in the complaint additional to these, and material, is "*voluntary* exposure to unnecessary danger.*" These conditions relate to the cause of the injury. The conditions which affect the liability of the company after the injury, material to the present inquiry, are, in the first policy, "Immediate notice shall be given in writing, addressed to the secretary of this company, at Hartford, Conn.," etc., and "affirmative proof of [the particulars of the accident and injury], and of the duration of the total disability, shall be furnished to the company within seven months from the happening of such accident;" and in the second policy are, "Immediate notice shall be given in writing to the company, at Hartford, stating full name, occupation, and address of the insured, with full particulars of the accident or injury, of which direct and affirmative proof shall be furnished within seven months from the happening of the accident."

The complaint charges in respect to the accident substantially that the plaintiff fell asleep from weariness and the motion of the cars, and when it was quite dark, "and while he was in a *dozed and unconscious condition of mind, and not knowing or realizing what he was doing, involuntarily* arose from his seat and walked *unconsciously* to the platform of said car, and, without fault on his part, fell therefrom to the ground," and was thereby injured. In respect to the conditions subsequent to the injury, the complaint alleges in the first count "that the plaintiff has, in every respect and particular, fulfilled his part of said contract of insurance, and promptly, at the expiration of said six months from the date of his said injury, caused to be served due proofs of said accident and disability upon defendant;" and in the second count, "that the plaintiff has in all respects com-

plied with the terms and conditions of said contract or ticket upon his part to be performed, and promptly, at the expiration of said twenty-six weeks from the date of his said injury, caused to be served upon the defendant's agent, at the city of Milwaukee, due proofs of said accident and disability." The demurrer to the complaint was sustained, presumably on the ground that it did not state a cause of action.

This is peculiarly a case of construction — *First*, of the allegations of the complaint relating to the causes of the injury; *second*, of the conditions of the policies; and, *third*, of the statute fixing the rule of pleading performance of conditions. The questions of law relating to these matters of construction, or the liability of the company, are plain and simple, and will admit of no argument, or require the citation of authorities.

It is not necessary to wander away and get lost in " that wilderness more dark than groves of fir on Huron's shore," the wilderness of mind, to ascertain the precise condition of the mind of the plaintiff as stated in the complaint when the accident occurred, and it is useless to speculate as to the remote causes of that condition,— whether drunkenness, utter prostration, somnambulism, brain disease, or derangement of the faculties,— beyond, aside, or in contradiction of what is stated in the complaint. The allegations of the complaint must be taken as true on demurrer, and it must be accepted as true that while he was in a dozed and *unconscious* condition of mind, and not knowing or realizing what he was doing, the plaintiff *involuntarily* arose from his seat and walked *unconsciously* to the platform of said car, and, without fault on his part, fell therefrom to the ground. All this occurred while he was unconscious, and involuntarily, without knowing or realizing what he was doing. These are the strongest words that could be used to negative *self*-infliction, *design*, or *voluntary* exposure, which are the only con-

ditions material to this case which exempt the company from liability. In respect to the causes of this mental condition of the plaintiff it must also be accepted as true that he went to sleep from weariness and the motion of the cars, and never awoke to consciousness or volition until the injury had happened. From these allegations it is evident that the plaintiff was as *irresponsible* for his actions and conduct as a human being could be from any possible cause, and that is sufficient.

The condition in the first policy, requiring proofs to be furnished to the company, clearly does not require such proofs to be sent to the *home office at Hartford*, and the probability is therefore strong that it was not so intended by the similar condition in the second policy. But it is contended by the learned counsel of the respondent that such a requirement as to the immediate notice is continued and made to qualify the last clause of the condition as to the proofs. This is not the natural reading or meaning of this clause. Such a requirement as to the proofs is not expressed, and I know of no rule of grammar, rhetoric, or law by which it is to be understood or inferred. If the company intended to require the proofs to be sent to Hartford, Connecticut, it could have so provided in express terms. The policy requires the notice to be given to the company at that place, but it does not require the proofs to be furnished the company at that or any other particular place. This is reasonable; for the officers or agents of the company nearest the place of the accident could examine the case and ascertain the facts with much more facility than the officers at the main office in a distant state; and if they were so furnished they would probably have to be sent back for investigation to those representing the company nearer at hand. The allegations as to the proofs are clearly sufficient to show a compliance with this condition in both policies, and to show that the money is due and liable to be sued for.

As to the condition requiring immediate notice to the company, as the payment of the loss is not dependent upon its performance as an act which renders it due to the plaintiff, it falls within the statute (sec. 2674, R. S.), and the facts showing its performance need not be stated, but it may be stated generally "that the plaintiff has duly performed all the conditions on his part." This general allegation is made in the complaint in both counts.

As to the condition of the plaintiff's mind at the time of the injury, as alleged in the complaint, it may be proper to quote the language of Chief Justice DIXON in *Pierce v. Travelers' Ins. Co.*, 34 Wis., 389. This was a life policy and death had ensued, which the defendant alleged was caused by suicide. "As by any *voluntary* act of his, the natural, ordinary, and direct tendency or effect of which would be to produce his death [injury], and which act he had at the time sufficient *mental capacity to comprehend, and to foresee and estimate* its physical consequences, such self-destruction was death by his own hands." And again: "The condition here relieves the company from liability only when the self-destruction was intentional, or committed by a party who was *conscious* of the nature of the act he was committing or about to commit, and conscious of its direct and immediate consequences," etc.

The case of *Carberry v. German Ins. Co.*, 51 Wis., 605, cited by the learned counsel of the respondent to show that a general averment of a compliance with a condition is not sufficient, is authority only that when the money becomes due only in a certain time after a condition is performed, then it is necessary to aver not only its performance, but the time of its performance, in order to show a right of action. This case is applicable to the condition of furnishing proofs, but not of giving the notice required by the policies.

*By the Court.*— The order of the county court is reversed, and the cause remanded for further proceedings according to law.