THE GERMANIA FIRE INSURANCE COMPANY

*v.*

SOPHIA L. HICK, for use, etc.

*Filed at Mt. Vernon June 16, 1888.*

1. INSURANCE—*estoppel—as to condition relating to matters known to exist—knowledge of the agent as knowledge of the principal.* An insurance company that takes a premium for a policy under conditions in respect to matters known to exist, that would render the policy invalid, will not be permitted to say that it is not a binding contract for that reason; and the company will be held as having the same knowledge of the condition and situation of the property as that possessed by the agent transacting the business for it.

2. A policy of insurance contained a condition that the contract should be void if the property insured was on leased ground, unless that was specially agreed to in writing in or upon the policy. The agent of the company, when he filled up the application for insurance, knew that the property was so situated, and answered the questions from his own knowledge, and a policy was issued containing no mention of the property being on leased ground: *Held,* in an action on the policy for a loss, that the company was estopped from setting up the omission to state the condition of the premises in that regard, as a defense.

3. PRACTICE—*refusing unnecessary propositions of law.* Where the court, on the trial of a case without a jury, is asked to hold certain propositions of law to be correct, it will not be bound to hold every proposition asked. It will be sufficient if those which are held to be correct, state every principle of law necessary to be considered in the decision of the case.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Gallatin county; the Hon. C. S. CONGER, Judge, presiding.

Messrs. BARNUM, RUBENS & AMES, for the appellant:

If the agent of the insurer knew that the building was located on leased ground, then the insurer is estopped, otherwise gross fraud would be perpetrated upon the assured in accepting the premium and delivering a policy which the insurer knew did not assume the risk contemplated. *Insurance Co.* v. *Jack-*

*son,* 83 Ill. 302; *Insurance Co.* v. *Spankneble,* 52 id. 53; *Insurance Co.* v. *Wright,* 22 id. 474; *Insurance Co.* v. *Wells,* 89 id. 82; 1 Wood on Fire Insurance, (2d ed.) sec. 90.

But if the insurer, or its agent, did not know that fact, but acted in good faith, and issued and delivered its policy to the assured, or, as in this case, to Ridgeway, the agent of the assured, then, there being no fraud, the contract of the parties will govern, and there is no estoppel. *Insurance Co.* v. *Weary,* 4 Bradw. 74.

Mr. CARL ROEDEL, for the appellee:

When the agent of an insurance company has knowledge of the condition and situation of the property insured, and he acts on his own knowledge, the company, by issuing the policy, ratifies his act, and thereby waives its right to insist on the conditions in the policy. *Insurance Co.* v. *Wright,* 22 Ill. 473; *Insurance Co.* v. *Fish,* 71 id. 622; Wood on Fire Insurance, sec. 162.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought in the circuit court of Gallatin county, by Sophia L. Hick, for the use of Thomas S. Ridgeway, against the Germania Fire Insurance Company. The declaration is in assumpsit on an insurance policy. The risk covered by the policy is a mill, with the plant connected therewith, situated on leased land. One of the conditions contained in the policy upon which the insurance contract would be void "unless specially agreed to in writing in or upon the policy," is, "the situation of an insured building on leased ground." The only defense insisted upon is, that the fact the mill was situated on "leased ground" was not agreed to in writing in or on the policy covering the risk in this suit. There is no controversy made as to the fact the mill was situated on "leased ground," nor is it pretended it was agreed to in writing, on the policy or otherwise, that such was the fact. Admitting these facts,

as was done, plaintiff contended, the agent of defendant, who made the application for insurance, knew the true title and situation of the property at the time he filled up the application, and it was as to such alleged knowledge of the agent issue was formed and the trial was had in the circuit court. No other point in the case seems to have been contested.

The record contains very clear and satisfactory evidence the agent did know, when he made the survey, and "answered the questions from his own knowledge," upon which the policy was written, that the mill property stood on "leased ground." He states so distinctly. But if it were a controverted question of fact, the finding of that fact by the Appellate Court, as did the trial court, would be conclusive upon this court. Assuming, then, as must be done, the agent of defendant, when he made what he called a "mill survey," and answered the questions of his own knowledge, without any inquiry of the assured or the party for whose benefit it was taken, knew the mill was situated on "leased ground," the law is for plaintiff, and defendant will be estopped to say the policy was void for that reason. An insurance company that knowingly takes a premium for a policy under conditions that would render it invalid, will not be permitted to say it is not a binding contract for that reason. In all such cases the company will be regarded as having the same knowledge of the condition and situation of the property as possessed by the agent transacting the business for it. This view of the law has frequently received the sanction of this court in its previous decisions.

*Atlantic Ins. Co.* v. *Wright*, 22 Ill. 462, is a case quite analogous in its facts with the one now before this court, and is, therefore, an authority exactly in point. It was there said: "When the agent of the company undertook to make the survey, the applications and representations of the interest which the assured had in the property, and dispensed with any acts of the assured, and acted upon his own knowledge of the facts, the company ratified his acts by granting the policy. They

are bound by his acts, as their agent, and if he was mistaken in his representations to them of the ownership, they have no right to insist upon it as a defense to a recovery." The doctrine of this case was expressly approved in the subsequent case of *Andes Ins. Co.* v. *Fish,* 71 Ill. 620, and its correctness is not now doubted.

By consent of parties the case was tried by the court without the intervention of a jury. At the trial, defendant submitted six propositions, which the court was asked to hold as law applicable to the facts,—four of which the court held to be the law, and the other two (the fourth and fifth of the series) the court refused. That decision of the court is assigned for error. It matters little whether the propositions the court refused contain correct expressions of the law or not. It is sufficient it clearly appears the propositions which the court held to be correct, state every possible principle of law necessary to be considered in the decision of the case. Other propositions were wholly unnecessary, and the court was not bound to hold them to be the law. The same thing may be said of the proposition submitted by plaintiff, and which the court held to be correct, and which states the law with entire accuracy. It is certain, from the propositions which the court held, that the trial court understood and applied the law to the undisputed facts of the case precisely as this court had declared it to be by its previous decisions, and no mere slight error in holding or refusing other propositions will be regarded as sufficient ground for the reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*