VESEY *et al. v.* COMMERCIAL UNION ASSUR. CO., LIMITED, OF LONDON, ENGLAND.

1. Under Civ. Code, § 1276, providing that every condition in a contract which limits the time within which a party may enforce his rights is void, a provision in a fire policy that no action can be maintained thereon unless commenced within 12 months after the fire is void.

2. Civ. Code, § 1276, providing that every condition in a contract which limits the time within which a party may enforce his rights is void, is not repealed, in so far as it affects fire policies, by a provision in a policy limiting the time for an action on the policy to 12 months after the fire, though the form of policy was prepared by the State Auditor under the authority conferred by Laws 1893, c. 105, p. 174, no authority having been given him to insert provisions in conflict with the statutes.

3. Delivery of proofs of loss under a fire policy to the agent of the foreign insurance company, who was authorized to solicit applications and write and deliver policies, was a sufficient delivery to the insurer, where the policy only required delivery to the company.

4. Where an insurer retained the proofs of loss under a fire policy, and never returned them or tendered them to the insured, and made no objec-

tion to them, when served, on the ground that they did not contain matters required to be contained therein, the insurer waived any defect in the proofs.

5. The existence of mortgages on insured property at the time a fire policy was issued thereon was no ground for avoiding the policy on the ground that insurer did not know of such fact, where all the facts in regard to the mortgages were fully disclosed to the agent of the insurer, who wrote and delivered the policy; the knowledge of the agent being the knowledge of the company.

6. In an action on a fire policy by insured and a mortgagee of the property, there was no merit in a contention that the mortgagee could not recover, under the provision of the mortgage clause that the mortgagee should notify the company of any change of ownership, because, subsequent to the commencement of the action, but before trial, the mortgage was released of record, where the indebtedness had not been paid by the insured, and it was not the intention of the parties that the claim of the mortgagee on the insurance money should be released.

7. In an action on a fire policy, the original complaint alleged that the policy was issued to Margaret A. V., and on the trial plaintiffs were permitted to amend so as to allege that, prior to the issuance and delivery of the policy, Margaret A. V. was the owner of the property, but that before the policy was obtained she had sold it to Rena A. V.; that by mistake the policy was issued to Margaret A. V.; and that thereafter defendant caused the policy to be assigned to plaintiff Rena A. V., in order to correct the mistake. In the complaint the policy was set out in full, and the assignment and consent of defendant thereto were also pleaded. Held, that there was no error in allowing the amendment.

8. Amendments to pleadings are largely within the discretion of the trial court, and a case will not be reversed on account of the ruling of the court thereon unless there has been a manifest abuse of discretion.

(Opinion filed December 21, 1904.)

Appeal from circuit court, Lake county; Hon. JOSEPH W. JONES, Judge.

Action by Rena A. Vesey and another against the Commercial Union Assurance Company, Limited, of London. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

*U. S. G. Cherry*, (*Sylvester G. Williams*, of counsel,) for appellant.

The legislature itself in substance and effect enacted a form of policy and that form of policy contained the clause requiring all actions to be commenced within one year after the fire. Quinlan v. Providence Ins. Co., 133 New York 356.

The proofs of loss were not furnished in the time required by the provisions of the policy and this failure is fatal to the recovery. If proofs of loss are furnished after the time provided by the contract and if there has been no waiver on the part of the insurer, the latter is under no obligation to return the proofs in order to avail itself of this breach of condition because there is nothing which the insured can do in the absence of a waiver to cure the breach. Gould v. Dwelling House Ins. Co., 90 Mich. 302, 51 N. W. 455; Shapiro v. Western Home Ins. Co., 53 N. W. 463; White v. Home Mut. Ins. Co., 60 Pac. 666; Engebretson v. Heckla Fire Ins. Co., 58 Wis. 301; Blossom v. Lycoming Fire Ins. Co., 64 N. Y. 163; Knudson v. Heckla Fire Ins. Co., 43 N. W. 954.

If the insured property is mortgaged and the loss made payable to the mortgagee under the usual provisions of the standard mortgage clause adopted in New York, this state, and elsewhere, it is incumbent upon the mortgagee to make the proofs of loss in case of the failure of the mortgagor to do so. Otherwise there can be no recovery by the mortgagee. Southern Home B. & L. Assn. v. Home Ins. Co., 94 Ga. 167; Nickerson v. Nickerson, 12 At. 880; Ormsby v. Phenix Ins. Co., 5 S. D. 72.

A mere local agent to solicit risks, collect premiums, countersign policies and remit moneys collected, is not such

an agent as that the delivery of proofs of loss to him amount to the delivery of proofs of loss to the company represented by him. When proofs of loss are furnished they call for the exercise of a discretion and power which is not conferred upon the mere local agent whose duties are strictly limited and extend only to the passing upon risks and to the ordinary powers of the local insurance agent. Ermentrant v. Girard Fire & Marine Ins. Co., 65 N. W. 635; Kerr on Insurance, section 179; Bowlin v. Hekla Fire Ins. Co., 31 N. W. 859; Connell v. Milwaukee Mut. Fire Ins. Co., 28 Wis. 407; Weidert v. State Ins. Co., 19 Or. 261; Smith v. Niagara Fire Ins. Co., 15 At. 353; Kyte. v. Commercial Union Ass. Co., 10 N. E. 518; Lohnes v. Ins. Co., 121 Mass. 439; Bush v. Westchester Fire Ins. Co., 63 N. Y. 531; Brock v. Des Moines Ins. Co., 106 Ia. 30, 75 N. W. 683; Milwaukee Mechanic's Ins. Co. v. Winfield, 6 Kan. App. 527, 51 Pac. 567.

A local agent whether he be a special or general agent has no authority by virtue of his powers as such agent to alter, enlarge, modify or in fact, do any act affecting the rights of the parties to the contract of insurance. The policy itself contained a clause to the effect that in any matter relative to insurance, no person unless duly authorized in writing should be deemed the agent of the company. The holder of an insurance policy is not only chargeable with full and complete knowledge of its contents and will thereby be held to strict compliance with its requirements, but also that by thus retaining it and seeking to enforce it he waives the fraud of the agent in willfully preparing a false and fraudulent application and thereby makes the false statements in the application his own. Johnson v. Dakota F. & M. Ins. Co., 1 N. D. 167, 45 N. W. 799;

Clevinger v. Mutual Life Ins. Co., 2 Dak. 114; Northern Ass. Co. v. Grand View, 183 U. S. 308; Western Ass. Co. v. Doull, 12 Can. S. C. 446; Shannon v. Gore Dis. Mut. F. Ins. Co., 2 Ont. App. Rep. 396; Worcester Bank v. Hartford Fire Ins. Co., 11 Cush. 265; Hale v. Mechanic's Mut. Fire Ins. Co., 6 Gray 169; Smith v. Niagara F. Ins. Co., Vt. 682, 1 L. R. A. 216, 15 Atl. 353; Wilson v. Conway F. Ins. Co., 4 R. I. 141; Cleaver v. Trader's Ins. Co., 65 Mich. 527; Sheldon v. Hartford Fire Ins. Co., 22 Conn. 235; Glendale Woolen Mfg. Co. v. Protection Ins. Co., 21 Conn. 19, 37; Hough v. City F. Ins. Co., 29 Conn. 10; New York Ins. Co. v. Thomas, 3 Johns. Cas. 1; Jennings v. Chenango County Mut. Ins. Co., 2 Denio 75; Fowler v. Metropolitan L. Ins. Co., 116 N. Y. 389, 5 L. R. A. 805, 22 N. E. 567; Baumgartel v. Providence, Wash., Ins. Co., 136 N. Y. 547, 32 N. E. 990; Allen v. German Am. Ins. Co., 123 N. Y. 6, 25 N. E. 309; Quinlan v. Providence, Wash., Ins. Co., 133 N. Y. 356, 31 N. E. 31; Muselback v. Norman, 122 N. Y. 583, 26 N. E. 34; Walsh v. Hartford F. Ins. Co., 73 N. Y. 5; Franklin Fire Ins. Co. v. Martin, 40 N. J. L. 568; Dewells v. Manhattan Ins. Co., 35 N. J. L. 366; Smith v. Cash. Mut. F. Ins. Co., 24 Pa. 320; Columbia Ins. Co. v. Cooper, 50 Pa. 331; Com. Mut. F. Ins. Co. v. Huntzniger, 98 Pa. 41; Kalmutz v. Northern Mut. Ins. Co., 186 Pa. 571, 40 Alt. 816; United Firemen's Ins. Co. v. Thomas, 47 L. R. A. 450, 27 C. C. A. 42; Carpenter v. Providence, Wash., Ins. Co., 16 Pet. 495.

*J. H. Williamson* and *Bailey & Voorhees*, for respondents.

There was a provision in the policy that no action should be sustainable unless commenced within twelve months next after the fire. That such a clause is void is settled by the plain provisions of the statute in force in South Dakota at the

time of the transactions involved in this action. Section 3582
compiled Laws; Johnson v. Dakota Fire & Marine Ins. Co., 1
N. D. 167.

· The proofs of loss were prepared as required by the policy
and within the sixty day limit were delivered to the defendant
by delivery to its agent, who solicited the policy of insurance
and by whom the policy was written and issued. A person
authorized to accept risks, to agree upon the stipulated terms
of insurance and to carry them into effect by issuing or renew-
ing policies, must be regarded as a general agent of the com-
pany. South Bend Toy Mnfg. Co. v. Dakota Fire & Marine
Ins. Co., 3 So. Dak. 205, affirming 2 So. Dak. 17; Harding v.
Norwich Union Fire Ins. Co., 10 S. D. 64.

An objection to proofs of loss on a specified ground is a
waiver of all other grounds. Enos v. St. Paul Fire & Marine
Ins. Co., 4 S. D. 639; Peet v. Dakota Fire & Marine Ins. Co., 1
S. D. 462; Angier v. Western Ins. Co., 10 S. D. 82.

The agent writing the policy of insurance is the agent of
the insurer and not the agent of the insured. Waterbury v.
Dakota Fire & Marine Ins. Co., 6 Dak. 468; South Bend Toy
Mnfg. Co. v. Dakota Fire & Marine Ins. Co., 2 S. D. 17, 3 S.
D. 205; Lyon v. Ins. Co. of Dakota, 6 Dak. 67; Harding v. Nor-
wich Union Fire Ins. Society, 10 S D. 64; Partridge v. Com-
mercial Fire Insurance Co., 17 Hun. 95.

CORSON, P. J. This is an action upon an insurance policy.
Findings and judgment were in favor of the plaintiffs, and the
defendant has appealed. Numerous errors are assigned, but
the appellant, in its brief, has discussed only such as it seems
to regard as important, and these will be considered in their
order:

1.   It is contended by the appellant that as the action was
not commenced within one year, limited by the policy, the
plaintiffs' claim is barred.   There is a provision in the policy
that no action can be maintained, unless commenced within
12 months next after the fire.   It is conceded that the fire oc-
curred, in which the property was destroyed, on the 7th day
of August, 1900, and that the action was not commenced until in
March, 1902, about 18 months after the fire; but the respond-
ents insist that, under the provisions of section 1276 of the
Civil Code, the stipulation in the policy is* void.   The section
reads as follows:   "Every stipulation or condition in a con-
tract, by which any party thereto is restricted from  enforcing
his rights under the contract by the usual legal  proceedings
in the ordinary tribunals, or which limits the time within which
he may thus enforce his rights, is void."   This section is a
literal copy of section 832 of the proposed Civil Code of New
York, and the commissioners, in their note to that section, say:
"The latter provision is new.   The question involved has been
variously decided in different tribunals, with a  preponderance
of opinion in favor of the right to limit the time of  commenc-
ing actions, as a matter of law, but with frequent  disappro-
bation of the practice."   And the commissioners, after citing
a number of authorities, conclude:   "The law itself, and the
law alone, should regulate the limitations of actions."   Un-
doubtedly, as stated in the note by the commissioners, there is
a conflict in the authorities at common law, and it is  proper,
therefore, that the question should be settled by express  legis-
lation, as has been done in this state.   The stipulation, there-
fore, in the policy, under the provisions of the Code, is abso-
lutely void.   And this seems to have been the view taken by

the Supreme Court of North Dakota in construing a similar provision in a policy under the same law. Johnson v. Ins. Co., 1 N. D. 167, 45 N. W. 799. It is contended by the appellant that as the form of the policy used was prepared by the State Auditor under the authority conferred by chapter 105, p. 174, of the Laws of 1893, the section above quoted was, in effect, repealed; but no authority was conferred upon the Auditor by that act to insert stipulations in the policy that were in conflict with the laws of the state.

2. It is further contended by the appellant that the proofs of loss were not furnished by the plaintiffs within 60 days, as required by the stipulation in the policy. Upon this subject the court found, by its seventh finding, that the proofs of loss were delivered to the agent who wrote and issued the policy within the 60 days. The court also found by its ninth finding that "upon the 23d day of September, 1899, the firm of Kennedy Bros. were the agents of the defendant at Madison, Lake county, South Dakota, and, as such agents, were authorized to solicit applications for fire insurance policies, and to write and deliver policies of insurance upon property situated in the said county of Lake, and do any and all acts proper, usual, and customary to be done by fire insurance agents." From these findings the court concludes, as matter of law, that the proofs of loss were served within the time limited. Those findings and this conclusion of law present clearly the question as to whether or not a delivery of the proofs of loss within the 60 days to the agent, Kennedy, who issued the policy, was a sufficient compliance with the terms of the same. The condition of the policy relied upon is as follows: "If fire occur the insured shall give immediate notice of any loss thereby in writ-

ing to this company; * * * and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by the said insured, stating" the facts required by the policy, constituting the proofs of loss. Nowhere in the policy does it appear from its terms where the proofs of loss must be served. It appears from the policy itself that the defendant company is a foreign corporation, having its home office in London, England, as shown by the heading of the policy, which is as follows:

No. 100133.                                              $2400.00.
  United States Branch Cor.                     Northwestern Dept.
  Pine & Williams sts.,                              Equitable Building.
  New York.                                              Denver, Col.
Commercial Union Assurance Company, Limited, of London, England. Stock Company.

It not being required by the terms of the policy that the notice should be given at any particular place or to any particular agent, we are of the opinion that it was sufficient to deliver the notice to the agent of the defendant company who issued the policy and countersigned the same.

This court, in McNamara v. Ins. Co., 1 S. D. 342, 47 N. W. 288, in speaking of the construction to be given contracts of insurance, says: "Courts will construe a contract of insurance liberally, so as to give it effect, rather than to make it void. Conditions which create forfeitures will be construed most strongly against the insurer. Only a stern legal necessity will induce such a construction as will nullify a policy." This rule has been generally adhered to by this court in construing insurance policies and the conditions therein contained. It will be noticed that it was found by the court, and is clearly supported by the evidence, that Kennedy Bros. were agents of the defendant company authorized to solicit applications for fire

insurance, write and deliver policies of insurance upon property situated in the said county of Lake, and to do any and all acts proper and customary to be done by fire insurance agents. The Kennedys, therefore, under the decisions of this court, were general agents of the appellant. South Bend Toy Mfg. Co. v. Ins. Co., 2 S. D. 17, 48 N. W. 310; Id., 3 S. D. 205, 52 N. W. 866; Harding v. Ins. Society, 10 S. D. 64, 71 N. W. 755. We are of the opinion, therefore, that the service of the proofs of loss upon C. B. Kennedy, one of the defendant's agents, as found by the court, was service upon the company. Especially is this so in the case of a foreign insurance corporation organized without the United States, and which; in its policy, has failed to state where, upon whom, or in what manner the notice of proofs shall be served. Authorities have been cited by the respective counsel showing that there is a conflict in the decisions upon this question, but we are inclined to hold that the view of the Supreme Court of Indiana in Ins. Co. v. Crutchfield, 108 Ind. 518, 9 N. E. 458, is the correct one. It appears from an examination of that case that the proofs of loss were served upon the agent of the company who had issued the policy, and the court held that such service was a compliance with the conditions of the policy. The learned court, in its opinion in that case, says: "In Phœnix Mut. Life Ins. Co. v. Hinesley, 75 Ind. 1, after quoting the rule on the subject of notice to an agent of a corporation as stated in the case last cited, the court said: 'It seems to us that this rule of law is especially applicable to the agents of foreign insurance companies transacting the business of insurance for their companies in this state, and that it must be held that notice to such agents in relation to any business of insurance transacted by them for their com-

18 S. D.—41

panies is notice to such companies.' Upon the points stated in this quotation, the case last cited has been approved and followed in Willcuts v. Northwestern Mutual Life Ins. Co., supra, (81 Ind. 300), and in Ætna Ins. Co. v. Shryer, 85 Ind. 362. We know of no good reason why it should not be held, also, where a condition of the policy, as in the one under consideration, requires that the assured shall render the particular account of his loss to the company, and not to any specified officer or person, or to any specified office or place, that the rendering of such particular account of his loss by the assured to the duly authorized agent of a foreign insurance company will constitute a sufficient compliance by the assured with the terms of such condition." In speaking of the agent, the court says: "The policy of insurance was in evidence, and it showed upon its face that L. J. Rosencrans was the 'duly authorized agent of the company at Mt. Vernon, Indiana,' and that he there countersigned and issued the policy to the assured on the 9th day of February, 1882." It will be seen that the agent in that case possessed the usual powers of such agents, the same as the agent in the case at bar. A similar view was taken in Schneiderer v. Insurance Co., 58 Wis. 13, 16 N. W. 47, 46 Am. Rep. 618, of a policy issued by a company at Hartford, Conn. In that case the supreme court of Wisconsin says: ,,If the company intended to require the proofs to be sent to Hartford, Connecticut, it could have so provided in express terms. The policy requires the notice to be given to the company at that place, but it does not require the proofs to be furnished the company at that or any other particular place. This is reasonable, for the officers or agents of the company nearest the place of the accident could examine the case and ascertain the facts

with much more facility than the officers at the main office, in a distant state; and, if they were so furnished, they would probably have to be sent back for investigation to those representing the company nearer at hand. The allegations as to the proofs are clearly sufficient to show a compliance with this condition in both policies, and to show that the money was due and liable to be sued for.'' It appears from the complaint in that case that the proofs of loss were served upon the agent of that company in the city of Milwaukee, and the court held that the complaint stated facts sufficient to constitute a cause of action. In Welsh v. Ins. Co., 151 Pa. 607, 25 Atl. 142, 31 Am. St. Rep. 786, it appears that the Legislature of Pennsylvania has settled this question by statute providing that proofs of loss may be served upon the local agents of a fire insurance company who has countersigned the policy. While that case is not authority in the case at bar, it shows that, in the opinion of the Legislature of Pennsylvania, this is the proper rule.

3. It is further contended that the proofs of loss did not conform to the requirements of the policy and were insufficient. But the appellant retained the proofs of loss, and has never returned or tendered them to the respondents, and did not at the time they were served make any objection thereto upon the ground that they did not contain the matters required by the policy to be contained in them, and it has therefore waived any defect that may appear therein. In Enos v. Ins. Co., 4 S. D. 639, 57 N. W. 919, 46 Am. St. Rep. 796, this court held that an objection to the sufficiency of the proofs of loss on a specified ground is a waiver of all other grounds. To the same effect is the case of Peet v. Ins. Co., 1 S. D. 462, 47 N. W. 532. The defendant, having failed to make any objection to

the proofs of loss at the time they were served, or within a reasonable time thereafter, on the ground that they were defective, must be deemed to have waived the objection.

4.   It is further contended by the appellant that it is not liable on the policy by reason of the existence of two mortgages upon the insured property at the time the policy was issued, of which the defendant had no notice, and by reason of foreclosure proceedings instituted under said mortgages.   It appears from the findings that the insured had executed two mortgages upon the property, and they were still upon the property at the time the policy was issued.   The court, however, concludes, as matter of law, "that the defendant is estopped from claiming that the existence of the mortgages to the Title Guaranty & Trust Company and to Robert F. Bullen, and the pendency of foreclosure proceedings thereunder, avoid the policy, for the reason that all of the facts in regard to said mortgages and said foreclosure proceedings were fully disclosed to the agent of the insurance company who wrote and delivered the policy, and the insurance company must, in law, be deemed to have knowledge of the facts known to its agents who wrote the policy."   It is strenuously contended by the appellant that by the terms of the policy it was provided that none of the provisions of the policy could be waived by any agent or officer of the company unless the same was indorsed thereon in writing.   It is insisted, however, by the respondent, that, inasmuch as all the facts connected with the mortgages and foreclosure of the same were fully known to the agent, the knowledge of the agent was the knowledge of the principal.   We are inclined to take the view that the contention of the respondent is correct, and is fully sustained by the weight

of authority.   Harding v. Ins. Co., supra; Germania Fire Ins. Co. v. Hick, 125 Ill. 361, 17 N. E. 792, 8 Am. St. Rep. 384; Union Ins. Co. v. Chipp, 93 Ill. 96; Ætna Ins. Co. v. Olmstead, 21 Mich. 246, 4 Am. Rep. 483; Richmond v. Ins. Co., 79 N. Y. 230; Boetcher v. Ins. Co., 47 Iowa 253; May on Insurance (4th Ed.) § 294, and following sections.   In the case of Germania Fire Ins. Co. v. Hick, supra, the Supreme Court of Illinois held: "An insurance company that takes a premium for a policy under conditions in respect to matters known to exist that would render the policy invalid will not be permitted to say that it is not a binding contract for that reason, and the company will be held as having the same knowledge of the condition and situation of the property as that possessed by the agent transacting the business for it."   A similar ruling was made by the Supreme Court of Michigan in Ætna Ins. Co. v. Olmstead, supra, and also in Richmond v. Ins. Co., supra.  See, also, Boetcher v. Ins. Co., supra, in which the Supreme Court of Iowa held that notice to the soliciting agent was notice to the company, and that the company is estopped from setting up the mortgage as a defense to an action upon the policy. See, also, Lyon v. Ins. Co., 6 Dak. 67, 50 N. W. 483.   It would seem, therefore, upon the authorities cited, that the defendant is estopped from claiming that it did not have notice of the mortgages, and that the court was right in its conclusion of law in so holding.   The view that the knowledge of the agent employed by and acting for the company is the knowledge of the company is not only sustained by authority, as we have seen, but is eminently just and proper.   An insurance agent is selected by the company, and may be required to give such security as the company may deem proper for the faithful dis-

charge of his duties. It is a matter of common knowledge that a party, in procuring insurance, relies largely upon the agent who issues the policy as to what he is required to do in order to procure a valid insurance, and, when he has fully stated to the agent the facts relating to the property sought to be insured, and all liens and incumbrances thereon, and the premium is accepted by the agent, and the policy issued by him, the insured has a right to conclude that he has secured a valid insurance upon his property, and one not to be defeated by a technical defense founded upon some obscure provision in the policy, not noticed by the insured or called to his attention by the agent. When the insured has, therefore, acted in good faith, and made a full disclosure to the agent of all the facts relating to the property, and has paid the premium for such insurance, the insured should have the right to recover, even though the agent has failed to communicate to the principal the facts so communicated to him by the insured, unless actual fraud on the part of the insured is shown. The court was, therefore, clearly right in holding that the defendant was estopped from claiming that the existence of mortgages avoided the policy, for the reason that all the facts in regard to said mortgages were fully disclosed to the agent of the company who wrote and delivered the policy.

5. It is further contended that the Madison State Bank, as mortgagee, could not rightfully recover, because of the provision of the mortgage clause that the mortgagee should notify the company of any change of ownership. It does not appear, as we understand the case, that there was any change of ownership after the attaching of the mortgage clause, of which it was the duty of the mortgagee to notify the appellant. The

facts, as found by the court, were that subsequent to the commencement of the action, but before the trial, the mortgage given to the state bank was released of record, but that the indebtedness secured thereby had not been paid, but was still owing by the insured to the bank, and that it was not the intention of the parties that the claim of the bank upon the insurance moneys should in any manner be released or waived at the time the mortgage was released of record. This finding would seem to preclude the appellant from taking any advantage of the fact that the mortgage was released of record, and its recovery, therefore, as one of the plaintiffs, seems to have been legal and proper.

6. It is further contended by the appellant that by reason of the foreclosure judgments, and sales thereunder, there was a change of interest in the property which avoided the policy. But as before stated, the agent of the appellant who issued the policy had full knowledge of the condition of the title to the property at the time the policy of insurance was written, and all changes thereafter made, and, as before stated, the knowledge of the agent of these facts was the knowledge of the appellant.

7. It is further contended by the appellant that the court erred in refusing to make a finding that the existence of the mortgages, and the foreclosure proceedings thereunder, created an increase of hazard. Whether these did or did not constitute an increase of hazard was immaterial, for the reason that all the facts relating thereto were fully known to the agent of the appellant at the time of the issuance of the policy, and the appellant is therefore estopped from claiming that such mortgages constituted an increase of hazard.

8. The contention of the appellant that the plaintiff is not entitled to recover the item of $400 on the personal property insured, unless she is entitled to recover the item of $2,000 insurance upon the house destroyed by fire, is conceded by the respondents; but, as the respondents recovered the full amount insured, this point does not seem to be material.

9. It is further contended by the appellant that the court erred in permitting the complaint of the respondents to be amended upon the trial. It appears from the record that in the original complaint it is alleged that, in consideration of the premium paid, the appellant executed and delivered to Margaret A. Vesey a policy of insurance. Upon the trial the respondents were permitted to amend their complaint so as to allege that, prior to the issuance and delivery of the policy, said Margaret A. Vesey was the owner of the insured property, but that before the policy was obtained she had sold and conveyed the property to the respondent Rena A. Vesey; that by mistake on the part of the agent, the policy was issued to Margaret A. Vesey instead of Rena A. Vesey; that about October 12, 1899, appellant, in order to correct the mistake, caused the policy to be assigned to the respondent Rena A. Vesey, and the assignment indorsed on the policy of insurance, as set forth in the original complaint. This amendment was allowed, but it does not appear that the appellant was in any manner prejudiced by the ruling of the court, or that there was any abuse of discretion of the court therein. In the complaint the policy is set out in full, and the assignment and the consent of the appellant to the assignment are also pleaded. There was nothing therefore in the assignment which, under the allegations contained in the pleadings, should have surprised the appel-

lant, or for which the appellant could not have been prepared upon the trial. And as has been frequently held by this court, amendments to pleadings are largely within the sound judicial discretion of the trial court, and the case will not be reversed on account of the ruling of the court therein unless there has been a manifest abuse of such discretion, and certainly in the case at bar no such abuse is shown.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.