Harvey D. SHEEHAN and Andrea L. Sheehan, as Trustees (Debtors-in-Possession) of the Chapter 11 Estate of Harvey D. Sheehan and Andrea L. Sheehan, d/b/a J.E.S. Farms, Plaintiffs-Appellants,

v.

MORRIS IRRIGATION; Johnson Brothers Company, Defendants,

and

United Pacific Insurance Co., Defendant-Appellee.

No. 15550.

Supreme Court of South Dakota.

Argued April 23, 1987.

Decided Aug. 12, 1987.

Rehearing Denied Sept. 16, 1987.

Mark F. Marshall, of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiffs-appellants.

Patrick J. O'Connor, Jr., of Hart, Bruner, O'Brien & Thorton, Minneapolis, Minn., and Gary F. Colwill, of Schmidt, Schroyer, Colwill & Barnett, Pierre, for defendant-appellee.

Gary Monserud, of Banks & Johnson, and William G. Porter, of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for defendant Morris Irrigation.

Merlin O. Baker, of Ray, Quinney & Nebeker, Salt Lake City, Utah, and Terence O'Keefe, of Siegel, Barnett & Schutz, Aberdeen, for defendant Johnson Brothers Co.

DOBBERPUHL, Circuit Judge.

PROCEDURAL STATEMENT

Plaintiffs Harvey and Andrea Sheehan (Sheehan) appeal from an order dismissing defendant United Pacific Insurance Company (United Pacific).

FACTS

In 1979, Harvey Sheehan joined with Fred Schafer (Schafer) in a plan to irrigate

approximately 12,000 acres of land in Sully and Hughes Counties, South Dakota. They contracted with defendants Morris Irrigation and Johnson Brothers Company to build this massive irrigation system (hereinafter the Irrigation Project Contract). Sheehan later purchased Schafer's interest in this scheme.

The final payment on the Irrigation Project Contract occurred on December 5, 1980. It appears, however, that the irrigation system did not function properly. This prompted the plaintiffs to commence this lawsuit on or about April 8, 1986, approximately five years after final payment.

To assure completion of the project, a performance bond was obtained. Defendant United Pacific was the surety on this performance bond. This performance bond contained the following pertinent condition:

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the contract falls due.

The contract referred to is the Irrigation Project Contract.

The statute of limitations for ordinary contract actions is six years. SDCL § 15-2-13(1). Plaintiff submits that the six year statute controls. Defendant United Pacific asserts that the two year contract provision controls.

## ISSUE

WHETHER A SURETY CAN BY CONTRACT FIX A STATUTE OF LIMITATIONS SHORTER THAN OTHERWISE ALLOWED BY LAW (THUS DISREGARDING THE PROVISIONS OF SDCL CH. 53-9)?

## DISCUSSION

Plaintiff Sheehan argues that the two year contract limitations period is void, pointing to SDCL § 53-9-6, which reads in part:

Every provision in a contract restricting a party from enforcing his rights under it by usual legal proceedings in ordinary tribunals or *limiting his time to do so*, is void.... (Emphasis mine).

Since "[s]uretyship is a contract ...," SDCL § 56-2-1, plaintiff believes SDCL § 53-9-6 controls.

Defendant United Pacific counters with SDCL § 56-2-12 which states:

A surety cannot be held beyond the express terms of his contract, and if such contract prescribes a penalty for its breach, he cannot in any case be liable for more than the penalty.

United Pacific asserts that this statute would allow it to provide for a shorter limitations period in its surety contracts. United Pacific, in essence, argues that the following rule applies:

Absent any statute to the contrary, the general rule followed by most courts has been to uphold provisions in private contracts limiting the time to bring suit where the limitation is reasonable, even though the period specified is less than the applicable statute of limitations.

*Camelot Excavating, Etc. v. St. Paul Fire & Marine Insurance Co.*, 410 Mich. 118, 126, 301 N.W.2d 275, 277 (1981). United Pacific then takes the next step and argues that the two year contract limitations period is reasonable.

South Dakota has never adopted this reasonable limitation rule and we decline to do so now. Indeed, we have a statute to the contrary. We believe the proper rule is that the law should set the limitation periods, not private contracts. *See Phenix Ins. Co. v. Perkins*, 19 S.D. 59, 101 N.W. 1110 (1905), *Vesey v. Commercial Union Assur. Co.*, 18 S.D. 632, 101 N.W. 1074 (1904).

*Phenix Insurance, supra*, was a case where an insurance company tried to shorten the limitations period. This court, applying Section 1276 of the Revised Civil Code of 1903 (SDCL § 53-9-6's predecessor), held that such a contractual provision is void. We see no reason to have a different rule for surety contracts. A surety arrangement, after all, is a close relative to an insurance contract.

United Pacific's reliance on Section 56-2-12 is misplaced. The purpose of § 56-2-12 is to allow a surety flexibility in choosing which specific acts or omissions of

the principal it will cover.[1] A surety can *limit* the *extent* of its liability, but not the *time* for bringing suit.

The contractual two year limitations period is void. The suit against defendant United Pacific was timely begun under the six year statute of limitations for contracts.

Reversed and remanded.

WUEST, C.J., and MORGAN and YOUNG, Circuit Judges, concur.

SABERS, J., dissents.

DOBBERPUHL, Circuit Judge, sitting for HENDERSON, J., disqualified.

YOUNG, Circuit Judge, sitting for MILLER, J., disqualified.

SABERS, Justice (dissenting).

I dissent.

The performance bond provided to Sheehan by United Pacific contained the following express suit limitation provision:

> Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the contract falls due.

Sheehan paid for the bond on this basis and got exactly what he paid for. The construction contract was completed and final payment fell due in November of 1980. On November 21, 1980, Engineer Gellhaus certified to and Sheehan signed a final pay request. On December 5, 1980, Chemical Bank, the project lender, acting upon the engineer's and owner's request made final payment under the contract in the amount of $161,766.56, for total payment of $6,646,353.00. Consequently, not only did final payment fall due in November of 1980, but said payment was actually made as of December 5, 1980.

Claiming a variety of defects in the irrigation system, Sheehan brought suit against United Pacific on April 8, 1986, nearly five and one-half years after the final payment date—and nearly three and one-half years after the express language

in the surety bond permitted suit to be commenced.

SDCL 56–2–12 states: "A surety cannot be held beyond the express terms of his contract, and if such contract prescribes a penalty for its breach, he cannot in any case be liable for more than the penalty." Contrary to the statement in the majority opinion, there is nothing in the statute's language to suggest it is limited to only those express terms in a surety contract relating to the kinds of obligations (*e.g.*, bid bonds, performance bonds or bail bonds, etc.) to be undertaken. The statute clearly states that the surety cannot be held beyond the express terms of its contract— whatever the nature or subject matter of those terms. Statutes cannot be interpreted in such a manner so as to do violence to their plain language. *Simpson v. Tobin*, 367 N.W.2d 757 (S.D.1985); *Burns v. Kurtenbach*, 327 N.W.2d 636 (S.D.1982).

Every detailed treatment of surety law contains statements to the effect that a significant risk factor is the duration of the surety's exposure to liability under the bond. The importance of the length of time a surety is open to suit upon its bond was recently discussed in *Concrete Structures v. Firemen's Ins. Co. of Newark, N.J.*, 790 F.2d 41 (7th Cir.1986). The court held that Illinois' *six month* contractor's bond statute of limitations barred a payment bond claimant's suit against the surety.

If the majority opinion is sustained, and not altered by the legislature, it will not only heap havoc upon the construction bonding industry but make the cost of construction (payment and performance) bonds in South Dakota prohibitive to customers, farmers, businessmen, and other owners.

The majority decision and reasoning even draws into question the constitutionality of South Dakota's Public Contractors' Bond statutes. In addition, South Dakota requires a performance bond before any contract is entered into for the construction, repair or improvement of any public high-

---

1. "[T]he liability of the surety is no greater than that of the principal...." 74 Am.Jur.2d *Surety-ship* § 24 (1974).

way within the state. SDCL 31–23–1. Claimants must commence suit on bonds provided in connection with South Dakota highway work within one year after the date of final settlement of such contract. SDCL 31–23–4. Because in most construction projects the date of "final settlement" follows shortly after the date "final payment under the contract falls due," United Pacific's bond gives claimants nearly double the time within which to commence an action.

The two-year suit limitation provision did not affect the tort or contract statute of limitations between Sheehan and the contractors. Sheehan's suit against them was not dismissed by the trial court and remains in existence. The two-year suit limitation provision only governed the period of time during which Sheehan could recover from United Pacific for the contractor's acts or inactions.

Among the breaches of contract alleged by Sheehan is the faulty design of the water service system. The problems resulting from these allegations of improper design would have existed at the very beginning when the irrigation system was placed into operation. In fact, Sheehan's complaint seeks significant damages for crop loss beginning in the year 1980. Therefore, Sheehan claims he actually suffered injury prior to final payment being made in December of 1980. Sheehan was neither surprised nor damaged by the two-year suit limitation. He had two years to seek redress from the surety for his injuries.

For these reasons, United Pacific's suit limitation provision is not violative of South Dakota law and actually affords more protection than South Dakota's Public Contractor Bond statute. The personal injury/tort situation addressed in *Daugaard v. Baltic Co-op. Bldg. Supply Ass'n.*, 349 N.W.2d 419 (S.D.1984), simply has no application to this case.