**COUNTY OF PENNINGTON FOR the USE AND BENEFIT OF NORTHWEST PIPE FITTINGS, INC., a South Dakota Corporation; Building Sprinkler Co., Inc., a North Dakota Corporation; Plaintiffs and Appellants,**

and

**Apollo Piping Supply Co., a Minnesota Corporation, Plaintiff,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, A Minnesota Corporation, Defendant and Appellee.**

No. 18095.

Supreme Court of South Dakota.

Considered on Briefs March 18, 1993.

Decided Nov. 10, 1993.

Steven J. Oberg of Lynn, Jackson, Shultz & Lebrun, Rapid City, for plaintiffs and appellants.

Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellee.

HENDERSON, Justice.

A group of suppliers of construction materials appeals a circuit court's summary judgment order dismissing their action to recover on a payment bond. We affirm.

*FACTS*

Corner Construction Company (hereinafter "Corner Construction") was selected as the prime contractor for the Pennington County Jail Project (hereinafter "jail project"). Corner Construction entered into a plumbing subcontract with William Smith, d/b/a The Plumbers, (hereinafter "The Plumbers"). Apollo Piping Supply Company, Northwest Pipe Fittings, Inc., and Building Sprinkler Co. Inc. (hereinafter collectively referred to as "the materialmen") supplied materials to The Plumbers for the jail project.

When Corner Construction was chosen to complete the jail project it was required (under SDCL 5–21–1) to obtain a payment and

---

performance bond. Corner Construction obtained this bond from St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul"). The payment portion of the bond is to ensure the contractor promptly pays "all persons supplying him with labor or material...." SDCL 5–21–1. The bond St. Paul provided was broader than required by the statute in that it provided protection to all "claimants," including anyone "having a direct contract ... with a subcontractor." However, the terms of the bond also specified that:

> No suit or action shall be commenced hereunder by any claimant: (a) *Unless claimant*, other than one having a direct contract with the Principal, *shall have given written notice to any two of the following:* The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished,.... (emphasis added).

The jail project was completed in late 1990 and final settlement between the County Building Authority and Corner Construction occurred on approximately December 14 or 18, 1990. In November 1991, the materialmen filed suit alleging they had not been paid for materials they supplied for the jail project. The materialmen sought payment from St. Paul as the surety for the performance and payment bond.

In March 1992, the materialmen filed a motion for summary judgment. St. Paul resisted the motion for summary judgment. All parties agreed to treat St. Paul's opposition as a cross-motion for summary judgment. In support of its cross-motion for summary judgment, St. Paul alleged that the materialmen had not complied with the notice provisions of the bond. None of the materialmen came forward with *any* evidence establishing they provided such notice, nor did they deny they had failed to provide such notice. The circuit court concluded that there was no genuine issue of material fact that notice had *not* been given. The circuit court entered summary judgment in favor of St. Paul holding that the materialmen had not given timely notice to St. Paul as required by the terms of the bond. The materialmen appeal.

## ISSUE

Is a ninety-day notice requirement in St. Paul's bond inconsistent with the one year limitation period established in SDCL 5–21–6?

## DECISION

The materialmen note that SDCL 5–21–6 establishes a one year statute of limitations for claims against a surety on a public project. Under the issue, as framed above, this is a case of first impression in South Dakota.

Chapter 5–21 of the South Dakota Codified Laws specifies the general requirements of performance bonds for public improvement contracts but does not specify the actual terms of the bonds. Under SDCL 5–21–5, unpaid materialmen have the right to intervene as parties in any action instituted by a public corporation against the surety. SDCL 5–21–6 specifies the limitation period for materialmen to seek recovery under the bond and provides, in pertinent part:

> If no suit should be brought by the public corporation within six months from the completion and final settlement of such contract, the person supplying the contractor with labor or material shall, upon application therefor and furnishing affidavit to the corporation that labor or material for the prosecution of such work has been supplied by him and payment for the same has not been made, be furnished with a certified copy of such contract and surety, upon which he shall have a right of action and shall be authorized to bring suit in the name of the public corporation in the circuit court for the county in which such contract was to be performed and not elsewhere, for his use and benefit, against such contractor and his surety, and to prosecute the same to final judgment; provided, that where suit is instituted by any such person on the surety of the contractor, it shall not be commenced until six months after the complete performance of such contract and

final settlement thereof but must be commenced within one year thereafter; ... (emphasis added).

SDCL 5–21–6.

The materialmen contend the 90–day notice requirement in St. Paul's bond is in conflict with the one year statute of limitations set forth in SDCL 5–21–6. They rely on this Court's holding that "the law should set limitation periods, not private contracts." *Sheehan v. Morris Irr.*, 410 N.W.2d 569 (S.D. 1987).

St. Paul contends the 90–day notice provision is simply a notice provision. Perforce, they reason it does not conflict with the limitations period set forth in SDCL 5–21–6. St. Paul urges this Court to adopt the reasoning applied in *Bunker v. United States Fidelity & Guaranty Co.*, 72 F.2d 899 (10th Cir.1934), which stated:

In the absence of statutory prohibition, it is doubtful if customary and reasonable provisions as to notice, proofs of loss, cancellation, and the like, would alter or impair the obligation imposed by statute.

*Id.* at 901. St. Paul further contends there is no statute which prohibits a surety from imposing notice requirements in its bonds.

Both litigants are correct in their recitation of the law. This Court's expressed rule is that limitations periods should be set by law rather than by private contract. *Sheehan*, 410 N.W.2d at 570. On the other hand, a reasonable *notice* provision should be valid providing no statutory provision prohibits it. *Bunker*, 72 F.2d at 901. These two expressions of law are not in conflict because, as we stated in *Sheehan*, "[a] surety can *limit* the *extent* of its liability, but not the *time* for bringing suit." *Sheehan*, 410 N.W.2d at 571.

We hold that the notice provision in St. Paul's bond does not shorten the limitations period set forth in SDCL 5–21–6. Rather, it merely establishes a condition precedent which must be met before materialmen may recover against the surety, namely, the materialmen must have given notice that they are owed money on the project. If the materialmen give the appropriate notice under the terms of the bond, they still have one year in which to file their law suit. If the materialmen do not give the appropriate notice, they also have one year to sue but may be met with a defense of failure to give the required notice.

The circuit court is affirmed.

MILLER, C.J., and WUEST and AMUNDSON, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

I dissent. SDCL 53–9–6 provides in part that "[e]very provision in a contract restricting a party from enforcing his rights under it by usual legal proceedings in ordinary tribunals, or limiting his time to do so, is void." Yet, under the terms of this bond and the majority opinion, these materialmen are prevented from enforcing their rights because they failed to provide written notice to St. Paul within ninety days of furnishing the last of the materials.

In *Sheehan v. Morris Irrigation*, this court found a contractual two-year limitation period void, stating that the "proper rule is that the law should set the limitation periods, not private contracts." 410 N.W.2d at 570 (citing *Phenix Ins. Co. v. Perkins*, 19 S.D. 59, 101 N.W. 1110 (1905) (contractual provision shortening the limitations period is void); *Vesey v. Commercial Union Assur. Co.*, 18 S.D. 632, 101 N.W. 1074 (1904)). The majority opinion argues that while this is a correct recitation of the law, "[i]f the materialmen do not give the appropriate notice, they [still] have one year to sue but may be met with a defense of failure to give the required notice." This argument is simply "form over substance" and nothing more. In substance, the ninety-day notice provision operated to restrict the materialmen from enforcing their rights and limited their time for bringing suit in violation of SDCL 53–9–6 and SDCL 5–21–6.[*]

---

[*] SDCL 5–21–6 provides:

If no suit should be brought by the public corporation within six months from the completion and final settlement of such contract, the person supplying the contractor with labor or material shall, upon application therefor and furnishing affidavit to the corporation that labor or material for the prosecution of such

The majority opinion is permitting St. Paul to do indirectly that which is directly prohibited by statutes and cases. And they are doing this simply because St. Paul was devious or resourceful enough to label its "limitation of action" provision as a "notice" provision. Although there are solid arguments why SDCL 53-9-6 should not be extended to a surety situation as done in *Sheehan, see Sheehan,* 410 N.W.2d 569, 571-72 (Sabers, J., dissenting), there are no contrary reasons when, as here, there is a statute expressly providing a one-year statute of limitations. *See* SDCL 5-21-6 set forth in footnote.

This contractual notice provision is void under SDCL 53-9-6, SDCL 5-21-6, *Sheehan, Phenix,* and *Vesey.* Therefore, the granting of summary judgment should be reversed.

work has been supplied by him and payment for the same has not been made, be furnished with a certified copy of such contract and surety, upon which he shall have a right to action and shall be authorized to bring suit in the name of the public corporation in the circuit court for the county in which such contract was to be performed and not elsewhere, for his use and benefit, against such contractor and his surety, and to prosecute the same to final judgment; provided, that where suit is instituted by any such person on the surety of the contractor, it shall not be commenced until six months after the complete performance of such contract and final settlement thereof *but must be commenced within one year thereafter;* provided, further, that where suit is so instituted by any such person, only one action shall be brought, and any person may file his claim in such action and be made a party thereto *within one year* from the completion of the work under such contract, and not later; and provided, further, that costs shall not be taxed in such suit against the public corporation. (Emphasis added).