KROEGER, Respondent, v. FARMERS' MUT. INS. CO.

(218 N. W. 17.)

(File No. 5850.   Opinion filed February 28, 1928.)

*Cheever & Cheever* and *P .H. Collins,* all of Brookings, for Appellant.

*E. A. Berke,* of Brookings, for Respondent.

POLLEY, J. This action is brought to recover on a fire insurance policy. The case was tried to the court. Findings of fact, conclusions of law, and judgment were for the plaintiff, and defendant appeals.

The defendant, among other defenses, pleaded the statute of limitations. The loss occurred on the 28th of August, 1920, and the action was not commenced until the 11th day of April, 1923. The policy sued upon is a standard fire insurance policy and contains a provision that:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity, until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

██ This provision is a part of section 9199, R. C. 1919, and therefore is not only a part of the policy, but is the law as well. That such is the law does not appear to be disputed by respondent, but it is respondent's contention that by the conduct of the defendant prior to the commencement of the action it waived this provision of the law. It has generally been held that, where a policy of insurance fixes a time within which an action for recovery thereon must be brought at a period shorter than that provided by the statute of limitations, such provision may be waived by the conduct of the insurer. Phenix Ins. Co. v. Hora Lodge, 41 Neb. 21, 59 N. W. 752; Gilbert v. Globe Fire Ins. Co., 91 Or. 59, 174 P. 1161, 178 P. 358, 3 A. L. R. 205; Ill. Live Stock Ins. Co. v. Baker, 153 Ill. 240, 38 N. E. 627; Lynchburg Cotton Mill Co. v. Travelers' Ins. Co., 149 F. 954, 79 C. C. A. 464, 9 L. R. A. (N. S.) 654. But our attention has been called to no case holding that the time for bringing an action may be extended beyond the time fixed by law, unless the time for performance has been extended by contract, express or implied, or unless the defendant has, by its conduct, estopped itself from pleading the bar of the statute. The statute of limitations is a personal defense, and the defendant by his conduct may be estopped from setting it up. 37 C. J. p. 725, § 44.

█ There is nothing in the record in this case that in law should estop the defendant from setting up this defense. The fire occurred on August 30, 1920, and more than a year had elapsed before any of the letters were written or statements made on which

plaintiff relies for an estoppel. Plaintiff testified that at the annual meeting of the stockholders in June, 1922, he demanded the insurance, and the officers did not deny the claim, but wanted to get the opinion of an attorney. Exhibits 4, 5, and 9, which plaintiff contends should estop defendant from pleading the statute of limitations, apparently were all written after the bar of the statute had become complete, and none of them contained a promise to pay. The record discloses no conduct on the part of the insurance company which induced the failure to bring action on the policy within a year after the fire.

The judgment and order appealed from are reversed.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.