BRAUNSTEIN, Respondent, v. NORTH RIVER INSURANCE COMPANY, Appellant.

(255 N. W. 463.)

(File No. 7625. Opinion filed June 14, 1934.)

*Williamson, Smith & Williamson,* of Aberdeen, and *L. E. Waggoner,* of Sioux Falls, for Appellant.

*Van Slyke & Agor,* of Aberdeen, for Respondent.

WARREN, J. This is an action to recover on a fire insurance policy on certain real and personal property belonging to plaintiff. On November 10, 1931, a fire occurred in the plaintiff's residence, damaging the insured property to the extent of $818.07. Certain matters and transactions relating to proof of loss and the acts of both parties thereto are assigned as errors, but in our opinion they are immaterial to a decision of this case. On November 12, 1932, more than a year after the fire, the plaintiff began an action to recover $818.07. A judgment was entered in favor of the plaintiff, and the defendant has appealed from the judgment and the order overruling the motion for new trial.

The fire which occurred in respondent's residence began about 8 o'clock in the evening of November 10, 1931, and the respondent has sought to infer that the fire may have continued into the early morning of November 11th, which was a legal holiday, and thus to show that the action was brought within the year, by having been brought on November 12, 1932. However, there is testimony in the record by several of the firemen that the fire was out by about 9:30 of the evening of November 10th, having lasted ap-

proximately an hour and a half. The policy contained the following provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Respondent contends that by virtue of our statute Armistice Day is a legal holiday, and it would extend his time within which to bring his action, and that the service of process on the 12th of November, 1932, was therefore timely. Even under respondent's contention service was not timely because no service was made within the year as the papers were sent to the insurance department for acceptance of service thereon, and the acceptance of service, as shown by the evidence, was not made by the insurance commissioner until November 12, 1932. We are unable to agree with the contention urged in respondent's brief wherein he states: "If a legal holiday attached to both ends of this one year period entitled the plaintiff to one additional day, then the service was made within a year."

Under the facts in this case, the question of service on a legal holiday is not involved for the reason that the record shows that the last day of the twelve months next after the fire was November 10 ,1932, which is not a holiday, and service was not made until the 12th of November, 1932. Therefore the service was not made within the year.

There is no evidence in the record to justify the conclusion that the conduct of the insurance company estopped it from urging the defense that the action was barred by the one-year limitation. The evidence does not warrant an inference that its conduct was such that it would possibly lead respondent to the conclusion that it would pay the claim. Respondent failed to bring suit until more than a year had elapsed. The twelve months' time limit provision in the policy was inserted therein pursuant to section 9199 of the 1919 South Dakota Revised Code, and known as standard form of fire insurance policy. The provision in said policy was therefore not only a part of the policy, but was the law as well. This court in Kroeger v. Farmers' Mutual Insurance Co., 52 S. D. 433, 218 N. W. 17, held that the statute of limitations contained in the standard policy is valid and enforceable.

From the foregoing it necessarily follows that the verdict of the jury must be set aside, and that the order and judgment appealed from must be reversed and the plaintiff's cause of action dismissed.

ROBERTS, P. J., and POLLEY, CAMPBELL, and RUDOLPH, JJ., concur.