SHIRLEY COYNE, Plaintiff-Appellant, *v.* COUNTRY MUTUAL INSURANCE
COMPANY, Defendant-Appellee.

Second District (2nd Division)    No. 75-133

Opinion filed June 14, 1976.

Richard R. Wilder, of Morris, for appellant.

Peter K. Wilson, Jr., and Irving J. Ochsenschlager, both of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

More than two years after a collision involving her car and an automobile driven by an uninsured motorist, plaintiff filed a personal injury suit against defendant pursuant to the uninsured motorist provisions of her insurance contract with defendant. The contract provided that should plaintiff be involved in an accident with an uninsured motorist, defendant would pay plaintiff the amount of damages legally recoverable from the uninsured motorist. The insurance contract also provided that a suit seeking recovery under the policy's uninsured motorist provisions must be filed within two years of the accident. Plaintiff's complaint was dismissed with prejudice because it was filed

more than two years after the accident. She appeals contending that the policy's two-year limitation is void in that it is against public policy and asserts that the ten-year statute of limitations pertaining to actions on contracts should govern.

■■ As to plaintiff's contention that the two-year contractual limitation is void as against public policy, we note that the legislative purpose in making uninsured motorist coverage mandatory (Ill. Rev. Stat. 1973, ch. 73, par. 755a(1)) is to guarantee that the accident victim is protected to the same extent as he would have been had the tortfeasor complied with the Illinois Safety Responsibility Law. (Ill. Rev. Stat. 1973, ch. 95½, par. 7—100 *et seq.*; see *Glidden v. Farmers Automobile Insurance Association*, 57 Ill. 2d 330, 335 (1974); *Ullman v. Wolverine Insurance Co.*, 48 Ill. 2d 1, 4 (1970); *Tindall v. Farmers Automobile Management Corp.*, 83 Ill. App. 2d 165, 168 (1967).) This purpose is satisfied when the uninsured motorist provisions of an automobile insurance policy provides the minimum coverage specified by the safety responsibility law. *Morelock v. Millers' Mutual Insurance Association*, 49 Ill. 2d 234, 238-39 (1971); *Tuthill v. State Farm Insurance Co.*, 19 Ill. App. 3d 491, 495 (1974).

In arguing that the two-year limitation frustrates the policy of the uninsured motorist statute, plaintiff cites *Burgo v. Illinois Farmers Insurance Co.*, 8 Ill. App. 3d 259 (1972). In *Burgo*, plaintiffs, injured as the result of an automobile accident with an uninsured motorist, sued the insurer under their policy's uninsured motorist provisions to compel the insurer to submit to arbitration on their damage claim. The trial court denied arbitration because a contractual provision within the policy limited to one year the period in which plaintiffs could sue the insurer in demand of arbitration. Plaintiffs did not contest the fact that their demand for arbitration was made after the one year had expired, but claimed that such a limitation was void as against public policy. In agreeing with plaintiffs and reversing the trial court, the appellate court initially pointed out that had the uninsured motorist involved in the accident complied with the Financial Responsibility Law (now known as the Safety Responsibility Law), plaintiffs would have had two years to bring suit under the applicable statute of limitations. (See Ill. Rev. Stat. 1971, ch. 83, par. 15.) The court decided that the one-year limitation contained in the policy of insurance violated the statute of limitations period, was a violation of the statute on uninsured motorists, and was therefore void as against public policy; further that since the contractual time limitation was void, the provision was without a time limit and the ten-year statute of limitations pertaining to the enforcement of contracts would be applicable. (*Burgo*, at 263-64.) We find the case inapposite.

■■ Here the contractual provision has a two-year limitation, the same amount of time plaintiffs would have had to determine financial

responsibility for an accident with an insured motorist. Further, the limitation period of the policy in question does not dilute the minimum coverage provided by the Safety Responsibility Law.

We conclude that the policy's limiting to two years the period in which to bring suit under the uninsured motorist provision was not against public policy. The judgment, therefore, is affirmed.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.