Wilfred D. LEUNING, d/b/a Ellis Grain Company, Plaintiff and Appellant,

v.

DORNBERGER INSURANCE, INC., et al., Defendants and Respondents.

No. 11683.

Supreme Court of South Dakota.

Reassigned Jan. 6, 1977.

Feb. 10, 1977.

Frank P. Gibbs, Sioux Falls, for plaintiff and appellant.

Timothy J. Nimick, Woods, Fuller, Shultz & Smith, Sioux Falls, for Dornberger Ins., Inc.

Carleton R. Hoy, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for Westchester Fire Ins. Co., Western Nat. Mut. Ins. Co. and Agricultural Ins. Co.

ZASTROW, Justice (on reassignment).

This action brought by plaintiff, Leuning, was for collection under the various insurance policies issued by defendants for loss of rents, attorney's fees awardable under SDCL 58–12–3, and costs of the suit. Plaintiff is presently appealing from an order issued by the trial court dismissing the suit. We reverse.

Plaintiff was the owner of an ironclad elevator located in Ellis, Minnehaha County, South Dakota. The structure was insured jointly by Westchester Fire Insurance

Company, Western National Mutual Insurance Company, and Agricultural Insurance Company (insurers) for loss of rents up to $31,500 over a nine-month period. Dornberger Insurance, Inc. was acting as the agent for the insurers.

A fire on March 18, 1973 completely destroyed the building; thereafter, the plaintiff submitted a claim to the insurers for nine-months loss of rents. Payment was made by the insurers to the plaintiff for seven-months loss of rents, but they refused to pay the remaining two months loss of rents.

On April 18, 1975, plaintiff filed this action for two-months loss of rent, attorney's fees and costs. On May 6, 1975, a hearing was held to consider a motion for summary judgment by Dornberger and a motion to dismiss by the insurers. The motion to dismiss was based upon the following provision contained in each of the insurance policies:

" 'No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.' "

At the conclusion of the hearing, the trial court granted both motions, and, as to the insurers, issued the order of dismissal upon the grounds that the complaint was not served within the twelve-month limitation for an action on the policy.

The plaintiff appeals from only that portion of the order of dismissal in favor of the insurers. The plaintiff assigns as error the trial court's determination that the limitation on actions contained in the insurance policies was valid and that this action was therefore barred.

SDCL 15–2–1 provides in part:

"Civil actions can only be commenced within the periods prescribed in this title after the cause of action shall have accrued except where in special cases a different limitation is prescribed by statute."

Actions upon written contracts in the absence of a specific statute are governed by SDCL 15–2–13 which, in its applicable parts, provides:

"Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within six years after the cause of action shall have accrued:

(1) An action upon a contract, obligation, or liability, express or implied * * *."

The legislature, since territorial days, has made void any contractual provision which attempts to shorten the time for an action on the contract under SDCL 53–9–6 [1] which provides:

"Every provision in a contract restricting a party from enforcing his rights under it by usual legal proceedings in ordinary tribunals or limiting his time to do so, is void * * *."

This court has applied this statute's predecessor to fire insurance contracts and has held that a provision purporting to limit any suit or action upon the insurance policy was void under Rev.Code 1903, § 1276. *Vesey v. Commercial Union Assur. Co.*, 1904, 18 S.D. 632, 101 N.W. 1074, and *Phenix Ins. Co. v. Perkins*, 1905, 19 S.D. 59, 101 N.W. 1110.

Shortly after the *Vesey* and *Phenix* decisions, the legislature enacted by Ch. 164, S.L.1909, a standard form for fire insurance policies which subsequently became known as the "standard policy." Whether it was through inadvertence or in reaction to the *Phenix* decision, the legislature, by making the standard policy a statutory form, adopted the twelve-month limitation provision in the standard policy without having enacted a separate statute of limitations for fire

1. Civ.Code 1877, § 958; C.L.1887, § 3582; Rev. Code 1903, § 1276; Rev.Code 1919, § 897; SDC 1939, 10.0705. Chapter 157, § 27, S.L.1971, added the phrase: " * * * providing how-

ever, that agreements to submit controversies to arbitration, as authorized by the Uniform Arbitration Act, shall be considered valid and enforceable."

insurance contracts. The standard policy as amended remained a part of the statutory law as Rev.Code 1919, § 9199; SDC 1939, 31.2402; and SDC 1960 Supp. 31.2401.[2]

While the standard policy was in effect, two appeals reached this court challenging the validity of the twelve-month limitation on actions. In each instance this court held that an action not brought within one year after the fire should be dismissed. *Braunstein v. North River Ins. Co.*, 1934, 62 S.D. 561, 255 N.W. 463, and *Kroeger v. Farmers' Mut. Ins. Co.*, 1928, 52 S.D. 433, 218 N.W. 17. In neither of the cases was the effect of Rev.Code 1919, § 897 (now SDCL 53–9–6) raised by the parties nor was it considered by the court. However, the court did refer to the standard policy limitation provision in the following fashion:

> "This provision is a part of section 9199, R.C.1919, and therefore is not only a part of the policy, *but is the law as well.*" (emphasis supplied) *Kroeger v. Farmers' Mut. Ins. Co.*, 52 S.D. at 434, 218 N.W. at 17.

The court then went on to refer to the standard policy provision as a "statute of limitation," thereby excepting fire insurance policies from the general statute of limitations as a special case where a different limitation is prescribed by statute. See Appleman, Insurance Law and Practice, Vol. 20, § 11582.

The principle that insurance contract provisions limiting actions were invalid was reaffirmed in *Wolfe v. Order of U.C.T. of*

*America*, 1945, 70 S.D. 452, 18 N.W.2d 755.[3] In that decision, a six-month limitation of action in an accident insurance certificate was held void under SDC 1939, 10.0705 (SDCL 53–9–6) and contrary to the public policy of this state.

In 1966, the standard policy was repealed by Ch. 111, S.L.1966, as part of the enactment of a new comprehensive insurance code. Although the new insurance code reenacted statutes which provided for shorter limitations on actions on health insurance policies (SDCL 58–17–29) and life benefit certificates (SDCL 58–37–99), noticeably absent was the twelve-month limitation that had been part of the statutory standard fire policy.

The repeal of the standard policy would make any provision in a fire insurance contract limiting the right to bring suit to one year void under SDCL 53–9–6 and the *Vesey, Phenix* and *Wolfe* decisions. However, the insurers assert that the limitation of action provision in their insurance contracts are valid because of SDCL 58–11–14 which provides:

> "Every form of insurance document and every rate or other filing lawfully in use immediately prior to July 1, 1966 may continue to be so used until the commissioner otherwise prescribes pursuant to this title."

The insurers argue that this statute adopted by reference the standard policy and the limitation of action provision incorporated therein. In support of their argument, the

---

2. The policies issued by the insurers to the plaintiff and the standard policy of SDC 1960 Supp. 31.2401, are based upon the 1943 New York Standard Fire Insurance Policy. See New York Insurance Law, § 168(6). This policy has been adopted verbatim by statutes in several states; e. g., Cal.Ins.Code § 2071; W.S.A. 203.-01; Mich.Comp.Laws, § 500.2832; M.S.A. § 65A.01, Subd. 3; I.C.A. § 515.138; Code of Virginia, § 38.1–366; and by reference in others, e. g., Nebraska R.R.S.1943, § 44–501; N.D. Century Code, § 26–03–40; Idaho Code Annot., 41–2401; while other states currently have no statutory standard fire policy, e. g., Montana, South Dakota, Wyoming and Colorado. However, the standard form is not "standard" as to the provision restricting the time for actions on

the policy. For example, New York, Virginia and Minnesota have amended the statutory form to provide for a two-year limitation on actions.

3. The decision was overruled by *Order of United Commercial Travelers v. Wolfe*, 1947, 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687, on the grounds that Ohio law governed and was entitled to "full faith and credit," but the United States Supreme Court did not rule upon the South Dakota statute making such provisions void; see *Trammel v. Brotherhood of Locomotive Firemen, etc.*, 1953, 126 Mont. 400, 253 P.2d 329, and *Hornick v. First Catholic Slovak Union*, 1924, 115 Kan. 597, 224 P. 486.

insurers cite the case of *Fireman's Fund Ins. Co. v. Sand Lake Lounge, Inc.*, 1973, Alaska, 514 P.2d 223. Their reliance on footnote 4 of the case is misplaced. Neither the opinion nor the footnote reaches the conclusion that the Alaska statute allowing the use of insurance forms then in existence was an express adoption of the New York Standard Fire Insurance Policy. Furthermore, Alaska does not have a statutory provision similar to SDCL 53–9–6, and thus the Alaska Supreme Court was required only to determine whether the contractual limitation was unreasonable. *Fireman's Fund Ins. Co. v. Sand Lake Lounge, Inc.*, supra, 514 P.2d at 226; Appleman, Insurance Law and Practice, Vol. 20, § 11601; Couch on Insurance 2d §§ 75:71, 75:72; 46 C.J.S. Insurance § 1256. However, such authority is inapplicable in states which have a statute similar to SDCL 53–9–6. See 6 A.L.R.3d, § 15, 1197.

■ Clearly, the purpose of SDCL 58–11–14 was to allow the insurance companies to continue to issue insurance policies which had been approved and in use under the repealed insurance laws. Had SDCL 58–11–14 not been enacted, SDCL 58–11–12 would have prevented the issuance of any policies, riders, endorsements, or renewal certificates until the forms had been approved or other forms prescribed by the commissioner. This prohibition could have lasted for a period of up to sixty days under SDCL 58–11–17 and 58–11–18. Such a result was neither warranted nor desirable.

■ Any attempt to give SDCL 58–11–14 a greater meaning is unjustified. It did not adopt a statutory standard policy nor is it a "different limitation * * * prescribed by statute" to except fire insurance policies from the six-year statute of limitation of SDCL 15–2–13.

The insurers' argument assumes that because their policy forms were not disapproved nor a different form prescribed by the insurance commissioner, all of the provisions of the policy are valid and binding upon the parties to the contract. Although the commissioner of insurance is delegated the power to approve insurance policy forms, he is not given the power to approve policies that contravened existing statutes. The powers of the commissioner of insurance are found at SDCL 58–2–22 and 58–2–23:

"58–2–22. *Commissioner—Powers and authority*—Examinations and investigations.—The commissioner shall have the powers and the authority expressly conferred upon him by or reasonably implied from the provisions of this title. The commissioner may conduct such examinations and investigations of insurance matters, in addition to examinations and investigations expressly authorized by this title, as he may deem proper to determine whether any person has violated any provision of this title or to secure information useful in the lawful administration of any such provision. The cost of such additional examinations and investigations shall be borne by the state."

"58–2–23. *Commissioner—Additional powers and duties provided by other laws.*—The commissioner shall have such additional powers and duties as may be provided by other laws of this state."

■ The duties of the commissioner regarding the approval of policy provisions are found at SDCL 58–11–5, 58–11–6, 58–11–7, SDCL 58–11–10 and SDCL 58–11–15. Although the commissioner is given some latitude in approving the language and provisions of insurance policies, he is not, nor could he be given, the power to contravene the statutes of the state simply by approving a particular policy provision. See Annot., 119 A.L.R. 877; 43 Am.Jur.2d, Insurance, § 58. The same argument was made in the *Vesey* and *Phenix* cases. There a comparable power in the state auditor was held not to validate nor allow the insertion of a similar limitation of action provision in

approved fire insurance policies. The insurers present no authority to the contrary, nor does our research provide any.

 Although the omission of the standard fire policy from the insurance code may have been an oversight, as asserted by the insurers, it is the public policy of this state that limitations on actions upon a contract shall be established by the legislature and not by contractual provisions or by the insurance commissioner.

The order dismissing the plaintiff's complaint is reversed and the matter remanded to the trial court for further proceedings.

All the Justices concur.

WINANS, Retired Justice, sitting for MORGAN, J., disqualified.