580 P.2d 131

**Celestino SANDOVAL, Plaintiff-Appellant,**

v.

**Roland G. VALDEZ and Farmers Insurance Group, Defendants-Appellees.**

**No. 2991.**

Court of Appeals of New Mexico.

Jan. 31, 1978.

Writ of Certiorari Quashed April 13, 1978.

Walter K. Martinez and Gary Fernandez, Grants, for plaintiff-appellant.

David W. Yount, Civerolo, Hansen & Wolf, P. A., Albuquerque, for defendants-appellees.

OPINION

LOPEZ, Judge.

The plaintiff appeals a summary judgment entered in favor of the defendant Farmers Insurance Group. For clarity's sake, we shall refer to Sandoval, the appellant in this appeal, as the plaintiff, and Farmers Insurance Group, a defendant in the trial court and the appellee in this appeal, as Farmers. We reverse.

This case presents the following issues: (1) whether the Court of Appeals has jurisdiction; and (2) whether the "time to sue" provision of the uninsured motorists clause in plaintiff's insurance policy is controlling in this action.

*Facts*

On May 14, 1973, Farmers issued to Sandoval, then a resident of Colorado, an automobile insurance policy which included uninsured motorist coverage. The expiration date of said policy was November 22, 1973. Sandoval alleged that on August 31, 1973, Valdez, then a resident of the State of Colorado, negligently caused Sandoval's vehicle to go off the road resulting in his injuries.

Sandoval believed that Valdez was uninsured. On July 29, 1976, Sandoval filed suit in Rio Arriba County alleging that both he and Valdez are residents of the State of New Mexico; Sandoval, a resident of Bernalillo County; and Valdez, a resident of Rio Arriba County. Sandoval's first claim asked for judgment against Valdez for $46,-000.00 for personal injuries, medical expenses and reimbursement under 42 U.S. Code §§ 2651–2653 (1970), for medical expenses incurred by the United States on Sandoval's behalf.

Sandoval's second claim was against Farmers, alleging that because Valdez was both negligent and uninsured, Farmers is indebted to Sandoval for personal injuries sustained, to the limit of liability stated in the policy.

Separate answers were filed by each of the defendants in the trial court. Farmers filed a motion for summary judgment. The trial court found the action was controlled by the policy provision which limited Sandoval's time for bringing an action to one year and entered summary judgment.

### Jurisdiction

Farmers argues that this Court has no jurisdiction and the case should be transferred to the Supreme Court. We disagree. Section 16–7–8, N.M.S.A. 1953 (Repl.Vol. 4, 1970).

■■ Sandoval filed suit under § 16–7–8, supra, seeking damages for a tort. Although in one respect the action against Farmers is based on breach of contract, the action against Farmers is inseparable from the tort action against Valdez. The provision of the insurance policy clearly indicates that the liability of Farmers is contingent upon the liability of Valdez; i. e., that Valdez was negligent and the proximate cause of the accident. Subsequently, we do have jurisdiction. Section 16–7–8, supra. Further, once this Court determines it has jurisdiction and proceeds to decide the matter, that determination of jurisdiction is final. Section 16–7–10, N.M.S.A. 1953 (Repl. Vol. 4, 1970).

### Time to Sue Provision

The issue presented here is whether the "time to sue" provision in the insurance policy is controlling in this case. Although in many cases a "time to sue" provision is as controlling as any other contract provision agreed upon by both parties, the question involved in this appeal is the effect New Mexico's uninsured motorist statute has on this "time to sue" provision.

The pertinent portion of Sandoval's insurance policy reads as follows:

" . . . (3) no cause of action shall accrue to the insured unless within one year from the date of accident (a) suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or (b) agreement as to the amount due under this Part II has been concluded, or (c) the insured has formally instituted arbitration proceedings . . . ."

Sandoval argues that the trial court erred in granting Farmers' motion for summary judgment, as the one year time to sue provision is an exclusionary provision of his insurance policy; enforceable only if it is not in conflict with statutory law or public policy of New Mexico. *Willey v. Farmers Insurance Group*, 86 N.M. 325, 523 P.2d 1351 (1974); *Chavez v. State Farm Mutual Auto Ins. Co.*, 87 N.M. 327, 553 P.2d 100 (1975).

Farmers raises several arguments to rebut Sandoval's contention that the trial court erred in its ruling, among which are: (1) the challenged provision is valid under Colorado law; and (2) plaintiff should not rely on New Mexico public policy to avoid the contractual provisions of a Colorado contract.

Defendant's first contention, that the challenged provision is valid under Colorado law, is without merit. We could not find nor did defendant refer us to any case law in which Colorado has considered whether such a "time to sue" provision violates the legislative declaration of policy embodied by Colorado's uninsured motorist statute.

Defendant's second contention revolves around the effect of New Mexico's public policy, as set out in its uninsured motorist statute, on a contractual provision.

■■ The validity of a contract executed in a sister state will be determined according to the laws of such state unless such construction conflicts with some settled policy of the jurisdiction of the forum. *Railway v. Rogers*, 16 N.M. 120, 113 P. 805 (1911). Although New Mexico applies the First Restatement of Conflicts generally, *First Nat. Bank in Albuquerque v. Benson*, 89 N.M. 481, 553 P.2d 1288 (Ct.App. 1976), cert. denied, 90 N.M. 7, 558 P.2d 619 (1976), if the application of Colorado law would violate New Mexico's public policy, this Court is not bound.

New Mexico's uninsured motorist statute is set out in § 64–24–105, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 2, 1972). Uninsured motorist statutes were adopted, and the legislative intent was to expand insurance coverage to protect the public from damage or injury caused by other motorists who were not insured and could not make the impaired party whole.

"In short, the uninsured or unknown motorist statutes are designed to protect the injured party from the uninsured or unknown motorist. The statutes are not designed to protect the insurance company from the injured party." *Montoya v. Dairyland Insurance Company,* 394 F.Supp. 1337, 1340 (D.N.M.1975).

New Mexico has an uninsured motorist statute which embodies such a public policy. Farmers argues that this is a purely contractual matter which should be determined by the law of the place where the contract was entered into. However, such contractual restrictions are void where they place a limitation upon or conflict with a statute granting uninsured motorist coverage. *Chavez v. State Farm Mutual Automobile Ins. Co.,* supra.

In *Chavez,* supra, the New Mexico Supreme Court stated that the object of compulsory uninsured motorist coverage is:

"* * * 'to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.' [Citations omitted.] In other words, the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance." *Bartlett v. Nationwide Mutual Ins. Co.,* 33 Ohio St.2d 50, 52, 294 N.E.2d 665, 666 (1973).

*Chavez* held that the only limitations under the New Mexico Uninsured Motorist Act shall be those specifically set out in the act itself. That is, that the insured be legally entitled to recover damages and the negligent driver be uninsured. The New Mexico Uninsured Motorist Act does not mention any other limitations on actions.

Although many uninsured motorist statutes do not include a limitation period, the intent to protect the victim or the insured motorist from having to bear the total loss is obvious.

In most states where "uninsured motorist" statutes do not contain any specific provisions governing the period within which claims based on uninsured motorist coverage must be advanced, the question is not whether a shorter limitation contained in a policy is valid as against the general personal injury statute of limitations, but whether the personal statute of limitations or the longer, general written contracts statute of limitations should be applied in actions against an insurance carrier. Only two jurisdictions have dealt with the issue of whether a shorter limitation contained in a policy is valid as against the general personal injury statute of limitations; Illinois, in *Burgo v. Illinois Farmers Insurance Company,* 8 Ill.App.3d 259, 290 N.E.2d 371 (1972), and Ohio, in *Globe American Casualty Co. v. Goodman,* 41 Ohio App.2d 231, 325 N.E.2d 257 (1974). The Illinois Court sets out the rule most in line with the legislative intent of our uninsured motorist statute.

The Illinois Court was faced with a suit against an insurance company where the same provision was at issue as in the instant case. The case also involved an uninsured motorist statute which had no time limit in which the insured could exercise his rights. The court held that the exclusionary provision in the liability policy violated the two year statute of limitation for bringing a personal injury suit; deprived the insureds of their uninsured motorist coverage; and was void as against public policy. *Burgo,* supra.

Under the applicable limitation period, Sandoval has a right to recover from Valdez for personal injuries caused by the negligence of Valdez, if he brings an action against him within three years. Section 23–1–8, N.M.S.A. 1953 (Vol. 5). In the instant case, the one year limitation of time provision in the insurance contract is not controlling.

We need not decide at this time whether the applicable time limitation must be based on the personal injury statute of limitations or the longer contract statute of limitations, as the plaintiff brought the action within the shorter three year period.

Therefore, Sandoval's suit was timely filed and is not barred by the exclusionary provisions of the insurance policy.

The summary judgment is reversed and the case is remanded to determine whether Valdez was in fact negligent and for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SUTIN, J., specially concurring.

HERNANDEZ, J., concurs.

SUTIN, Judge (specially concurring).

I specially concur.

The trial court made the following pertinent findings of fact:

3. The policy provides in pertinent part:

\*     \*     \*     \*     \*     \*

PART II: Coverage C: Benefits For Bodily Injury Caused by Uninsured Motorists:

To pay all sums which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injury sustained by the insured, caused by the accident, . . . provided that: . . . (3) *no cause of action shall accrue to the insured unless within one year from the date of the accident* (a) suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or (b) agreement as to the amount due under this Part II has been concluded, or (c) the insured has formally instituted arbitration proceedings, . . .

CONDITIONS:

\*     \*     \*     \*     \*     \*

7. Action Against the Company:

. . . No action shall lie against the Company under Coverage C except as provided under Part II of this policy. [Emphasis added.]

\*     \*     \*     \*     \*     \*

6. Celestino Sandoval did not, within one year from the date of the accident, (a) file suit in a Court of competent jurisdiction against the uninsured motorist, or (b) institute arbitration proceedings; no agreement has ever been reached between Celestino Sandoval and Farmers Insurance Group regarding the existence of liability or the extent thereof under the policy of insurance.

7. There is no issue of material fact and that Farmers Insurance Group is entitled to a judgment as a matter of law.

The only issue in this case is whether plaintiff was bound by the "No Cause of Action" clause in the insurance policy. Farmers completely ignored this issue.

The uninsured motorist statute, § 64–24–105, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2), is a compulsory statute that requires all automobile liability insurance policies to carry uninsured motorist coverage in the limited amounts set forth in § 64–24–79 of the Financial Responsibility Act. This section was amended in 1975 to allow compensation to an insured of $15,000.00 for personal injury or death of one person. Section 64–24–79, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2, 1975 Supp.) This coverage is provided "according to rules and regulations promulgated by . . . the superintendent of insurance, for the protection of persons insured thereunder . . . ." This language means that the superintendent of insurance has the power to prescribe a standard or uniform endorsement that governs uninsured motorist coverage. This power, not generally found in similar statutes, should discourage a significant amount of litigation because a standard is fixed and the amount involved is moderate.

Acting under this statutory authorization, the superintendent of insurance, in 1968, published Article 24, Chapter 64 on the subject of uninsured motorist coverage. Section 24–1.2 of Chapter 64 created a standard form of endorsement for uninsured motorist coverage to be attached to every automobile insurance liability policy.

This endorsement is a separate contract of insurance, as distinct and apart from the automobile insurance policy as though it were detached therefrom and separately de-

livered to the named insured. Kuvin, The Effect of Uninsured Motorist Proceedings of: State Of Limitations, etc., 29 Ins. Counsel J. 127 (1962).

Farmers' insurance policy did not contain this endorsement. What plaintiff had in force with Farmers was a standard automobile liability policy without the standard form of endorsement of uninsured motorist coverage. Neither the statute, nor the standard endorsement contain a "No Cause of Action" clause. It also appears that the original form of endorsement used did not contain a "No Cause of Action" clause. See, Kuvin, supra at 128. Rice, Uninsured Motorist Insurance, etc., 48 Calif.L.Rev. 516, 539 (1960). This clause is of comparatively recent origin and inserted in the policy to protect an insurer against delayed claims of the insured.

Because of the difficulty or impracticability of fixing a definite and comprehensive rule under the statute, the authority granted to the superintendent of insurance was a lawful delegation of authority. Willey v. Farmers Insurance Group, 86 N.M. 325, 523 P.2d 1351 (1974). This authority, however, was not intended to be final where the endorsement adopted contained "exclusionary provisions" which strike at the very heart of the uninsured motorist statute. This function rests with the courts. Chavez v. State Farm Mutual Automobile Ins. Co., 87 N.M. 327, 533 P.2d 100 (1975).

In Chavez, due to the liberal construction that is given to the uninsured motorist statute, the Supreme Court declared void an "other provision" of the State Farm policy that denied coverage to an insured while riding on his uninsured motorcycle.

In Sloan v. Dairyland Insurance Company, 86 N.M. 65, 519 P.2d 301 (1974), the Supreme Court declared void an "other provision" of Dairyland's policy that contained an excess escape clause.

We now declare void the "No Cause of Action" clause of Farmers' policy because it is also an "escape clause."

The record does not disclose whether the superintendent of insurance approved Farmers' policy under statutory authority. If it was approved, the approval would be declared void because it would contravene existing limitation statutes. Leuning v. Dornberger Ins. Co., S.D., 250 N.W.2d 675 (1977). The court said:

Although the commissioner of insurance is delegated the power to approve insurance policy forms, he is not given the power to approve policies that contravened existing statutes.

\*　　\*　　\*　　\*　　\*　　\*

. . . [I]t is the public policy of this state that limitations on actions upon a contract shall be established by the legislature and not by contractual provisions or by the insurance commissioner. [250 N.W.2d at 678 and 679.]

It is established law in New Mexico that a "No Cause of Action" clause in a fire insurance policy, or in a Livestock Transportation policy, is enforceable. It is not against public policy. Electric Gin Co. v. Firemen's Fund Ins. Co., 39 N.M. 73, 39 P.2d 1024 (1935); Wiseman v. Arrow Freightways, Inc., 89 N.M. 392, 552 P.2d 1240 (1976). Since 1947, the statutory Standard Fire Insurance Policy contains a statutory "No Cause of Action" clause. Section 58–8–10, N.M.S.A.1953 (Repl. Vol. 8, pt. 2, p. 338). On the other hand the Livestock Transportation insurance policy is not governed by statute.

However, where a provision of an insurance policy conflicts with statutory law, it is contrary to public policy and unenforceable. Chavez, supra.

It is also well settled law in New Mexico that the obligation owed by a liability insurer to an insured is contractual. Willey, supra. Two things must be constantly kept in mind. First, the legislative purpose in creating compulsory uninsured motorist coverage was to place plaintiff, the insured policyholder, in the same position he would have been in if defendant tort-feasor had had liability insurance. Chavez, supra. This purpose does establish the ordinary rule of tort liability between an injured person and a tort-feasor. The 3 year limitation period is applicable. Section 23–1–8,

N.M.S.A.1953 (Vol. 5). *Second,* the uninsured motorist coverage is based on contract, although it is conditioned upon the existence of this tort liability. In an action brought on an insurance policy, § 23–1–3, the six year limitation period pertaining to actions brought on a written contract, would govern the action. See *Electric Gin Co.,* supra.

It has been held almost without exception that an action against the insurer under an uninsured motorist clause in the policy is governed by the contract statute of limitations. *Turlay v. Farmers Insurance Exchange,* 259 Or. 612, 488 P.2d 406 (1971). This holding is in accord with the majority of other jurisdictions which have been faced with the same question. Annot., *Uninsured Motorist Clause—Time Limit,* 28 A.L.R.3d 580, 584–585 (1969); *North River Insurance Company v. Kowaleski,* 275 Or. 531, 551 P.2d 1286 (1976). However, the shorter tort statute of limitations is personal to and can only be asserted by the uninsured motorist. *Booth v. Fireman's Fund Insurance Company,* 197 So.2d 352 (La.App.1967).

When a court approaches a problem that affects the protection of the public as against private interests, the solution is simple. Salus Populi Suprema Lex (That regard he had to the public welfare, is the highest law). Broom, *Selection of Legal Maxims,* 1 (5th Am.Ed.1864). Justice to the public prevails. It is equitable. It is justice done. In the interpretation of statutes enacted for the benefit of the public, this concept should always be the pole star.

To allow an insurer to lessen the period of time to bring an action on an insurance policy from six years to one year would thwart the purpose of the uninsured motorist statute. It is reasonable and fair to prevent this result for the benefit of the public. By omitting a limitation period, the legislature believed that six years was a reasonable time to allow the action to be brought. Farmers "No Cause of Action" clause is in conflict with general law and therefore void.

*Burgo v. Illinois Farmers Insurance Company,* 8 Ill.App.3d 259, 290 N.E.2d 371 (1972)

held that a "No Cause of Action" clause, identical with that in the instant case, was against public policy and void; that the general personal injury limitation statute of two years prevailed. However, Illinois holds that the plaintiff cannot assert the ten year limitation statute that pertains to actions on contract. *Coyne v. Country Mutual Insurance Co.,* 39 Ill.App.3d 279, 349 N.E.2d 485 (1976).

*Globe American Casualty Co. v. Goodman,* 41 Ohio App.2d 231, 325 N.E.2d 257 (1974) is contra. The majority opinion held that in the absence of a limitation period in the uninsured motorist statute, the limitation period in the insurance policy controlled. The dissenting opinion, however, stated the correct rule of law:

> Private limitations on the right to sue may be established if reasonable and not in conflict with general law. [325 N.E.2d at 262.]

It is interesting to note that Ohio declares void as against public policy an "exclusion clause" in an insurance policy. *Watters v. Dairyland Ins. Co.,* 50 Ohio App.2d 106, 361 N.E.2d 1068 (1976). In this respect, *Globe American Casualty Co.* is distinguished. We recognize this distinction, but it is a distinction without a difference. It splits public policy in half. A court should not lift one provision in an insurance contract above public policy with the right hand and drop another provision below public policy with the left hand. For the protection of the public, the court's left hand should know what the right hand is doing. We recognize that insurance is a very valuable asset to the operator of a motor vehicle; that insurance companies should not suffer by reason of untold litigation. However, it should not insert in its policy, a provision or clause that offends public policy. The insurer is presumed to know the law. It prepares the policy. The insured "cannot, ordinarily, read and understand the complex, complicated and intricate provisions of an insurance policy in words of fine print that ambles along the way." *Read v. Western Farm Bur. Mut. Ins. Co.,* 90 N.M. 369, 563 P.2d 1162, 1166 (1977).

In my opinion, the six year limitation period governs an action by an insured against an insurer on an uninsured motorist coverage endorsement.