56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ernest A. DENNISON, Plaintiff,
v.
LA PLATA ELECTRIC ASSOCIATION, a Colorado CORPORATION,
Defendant-Third-Party-
Plaintiff-Appellant,
v.
Four States Electric, Inc., Third-Party-Defendant-Appellee.
 No. 94-2149.
(D.C. No. CIV-93-115-JP)
 United States Court of Appeals, Tenth Circuit.
 June 1, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Third-party plaintiff La Plata Electric Association (La Plata) appeals from the decision of the district court granting the summary judgment motion of third-party defendant Four States Electric, Inc. (Four States) and dismissing La Plata's claim seeking recovery from Four States based upon an indemnification provision in a contract between the parties. The district court, applying New Mexico conflict of law principles, declined to enforce the indemnification provision because to do so would violate New Mexico public policy.
 
 
 4
 Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This court reviews the district court's summary judgment decisions de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991); see also Shearson Lehman Bros., Inc. v. M & L Invs., 10 F.3d 1510, 1514 (10th Cir.1993)(this court reviews choice of law determination de novo).
 
 
 5
 Further,
 
 
 6
 as a federal court sitting in diversity jurisdiction, "our role is to ascertain and apply the proper state law, ... with the goal of insuring that the result obtained is the one that would have been reached in the state courts." Allen v. Minnstar, Inc., 8 F.3d 1470, 1476 (10th Cir.1993). We review de novo the district court's construction of [state] law, affording no deference to its conclusions. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 7
 Occusafe, Inc. v. EG & G Rocky Flats, Inc., No. 93-1469, 1995 WL 231636, at * 2 (10th Cir. Apr. 19, 1995).
 
 
 8
 Ernest Dennison, one of Four States' employees and a New Mexico resident, initiated this diversity action in the United States District Court for the District of New Mexico, asserting a negligence claim against La Plata, a Colorado corporation. Mr. Dennison sought recovery for injuries incurred in Colorado while performing work pursuant to a contract between La Plata and Four States for the reconstruction of electric power lines in Colorado. La Plata asserted a third-party complaint against Four States, a New Mexico corporation, seeking indemnification for any amount La Plata had to pay Dennison. La Plata based its indemnification claim upon language in the parties' contract providing that Four States would hold La Plata "harmless from any and all claims for injuries to persons." See Appellant's App. at 9.
 
 
 9
 The district court granted Four States' motion for summary judgment, holding that, pursuant to New Mexico conflict of law principles, even though the contract was executed and performed in Colorado and Mr. Dennison incurred his injuries in Colorado, because the contract's indemnification provision violated New Mexico public policy, the New Mexico federal court would refuse to enforce that provision. La Plata appeals.
 
 
 10
 A federal court sitting in diversity jurisdiction must apply the law of the state in which it sits, including that state's conflict of law rules. Tucker v. R.A. Hanson Co., 956 F.2d 215, 217 (10th Cir.1992). Ordinarily New Mexico courts, when considering the meaning and validity of contracts, will apply the First Restatement of Conflicts and will look to the law of the place of contracting. Id. at 217-18; see also, e.g., Eichel v. Goode, Inc., 680 P.2d 627, 631 (N.M. Ct.App.1984). New Mexico courts, however, will not do so if application of another state's law will violate New Mexico's public policy. Tucker, 956 F.2d at 218. Because the enforcement of this indemnification provision would violate New Mexico public policy, see id. (citing, e.g., N.M. Stat. Ann. 56-7-1 (Michie 1991)), the district court did not err in declining to enforce such a provision. Id. at 218-19.
 
 
 11
 On appeal, La Plata seeks to distinguish Tucker. That case involved an indemnification provision in a contract made in California, but performed and producing injuries in New Mexico to a New Mexico resident. See id. at 216-17. The contract in the case before us, on the other hand, was executed, performed, and produced injuries in Colorado to a New Mexico resident. Nonetheless, in a case factually similar to this appeal, Sandoval v. Valdez, 580 P.2d 131 (N.M. Ct.App.1978)[2], the New Mexico Court of Appeals declined to enforce, as violative of New Mexico public policy, a "time to sue" provision in an insurance contract issued to a Colorado resident in a suit for injuries occurring in an accident between two Colorado residents. 580 P.2d at 132, 133-34.
 
 
 12
 In light of the holdings of both Tucker and Sandoval, the district court did not err in declining to enforce the indemnification provision in the parties' contract as violative of New Mexico public policy and in granting Four States' summary judgment motion and dismissing La Plata's indemnification claim. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although, in diversity cases, "federal courts are not absolutely bound by the decisions of intermediate state appellate courts, ... those decisions can be persuasive of how the [highest state court] might rule." Occusafe, Inc., 1995 WL 231636, at * 2 n. 2 (citations, quotations omitted)